## RHODES v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.
### No. 2604.

District Court, E. D. New York.
May 16, 1930.

See, also, Rhodes v. U. S., 8 F. Supp. 124.

Slayton & Jackson, of New York City, for plaintiff.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y., and William E. Collins, Sp. Asst., of New York City, for defendants United States Shipping Board Emergency Fleet and for Admiral Oriental Line.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for defendant Northern Pacific Railway Company.

CAMPBELL, District Judge.

This is a motion for an order vacating the dismissal of this cause as against the defendants the Admiral Oriental Line and Northern Pacific Railway Company, and modifying the order of this court made and entered herein on March 6, 1930, by providing that this cause be dismissed as against the United States Shipping Board Emergency Fleet Corporation only, and restoring this cause to the calendar for trial at the May term of this court.

On the authority of Weinstein v. Black Diamond Steamship Corporation, 40 F.(2d) 590, U. S. Circuit Court of Appeals, Second Circuit, a copy of which opinion is attached to the papers in opposition presented hereon, the motion is granted to the extent that the order of March 6, 1930, is modified by providing that this cause be dismissed as against the United States Shipping Board Emergency Fleet Corporation only; and although it would appear that the court is without jurisdiction, still if it can be shown that the agent would have no right of indemnity against the United States, jurisdiction will exist as against the defendants, the Admiral Oriental Line and Northern Pacific Railway Company, and the plaintiff should be allowed an opportunity to make that proof.

Under these circumstances it seems to me that as the dismissal was on the motion of the court, under rule 28 of the General Rules of Practice of this court, the question of dismissal as against the Admiral Oriental Line and Northern Pacific Railway Company should be determined on a trial, and I therefore have granted the motion to the extent hereinbefore stated.

I cannot order the case on the calendar; that can be accomplished by plaintiff renoticing the case for trial, which should be done promptly.