## WEINSTEIN v. BLACK DIAMOND S. S. CORPORATION et al.

### No. 70.

Circuit Court of Appeals, Second Circuit.
April 7, 1930.

See, also, 31 F.(2d) 519.

Edgar G. Wandless, of New York City (William E. Collins, of New York City, of counsel), for appellant Black Diamond Steamship Corporation.

Finkler & McEntire, of New York City (Frank I. Finkler and Jesse H. Finkler, both of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

Subsequent to the argument of this appeal, and after the decision of the Supreme Court of the United States in the several cases reported under the title of Johnson v. U. S. Shipping Board Emergency Fleet Corporation, 280 U. S. 320, 50 S. Ct. 118, 74 L. Ed. ——, the appellant raised before us the question of the District Court's jurisdiction to enter the judgment appealed from, on the ground that the Suits in Admiralty Act (41 Stat. 525 [46 USCA § 741 et seq.]) furnishes the exclusive remedy on maritime causes of action arising out of Shipping Board operations. Lack of jurisdiction may be raised at any stage of a proceeding, and is a matter of which a court takes notice ex mero motu.

In one of the cases before the Supreme Court the plaintiff Lustgarten had obtained a judgment at law against the United States Shipping Board Merchant Fleet Corporation and Consolidated Navigation Company for injuries negligently inflicted upon him by the ship's officers while he was employed as a seaman on board a merchant vessel owned by the United States and operated for it by the navigation company as agent pursuant to an agreement made by the United States acting through the Shipping Board represented by the Fleet Corporation. This judgment was reversed, and the cause remanded, with directions to dismiss the complaint against both the Fleet Corporation and the navigation company. We have examined the mandate filed in the District Court on March 7, 1930, to make certain that no modification of the court's direction as to dismissal against the navigation company had occurred. Mr. Justice Butler, writing for the court, said (page 326 of 280 U. S., 50 S. Ct. 118, 120):

"On the facts above stated it is clear that each of the causes of action arose out of the possession or operation of a merchant vessel by or for the United States. Directly or mediately, the money required to pay a judgment against any of the defendants in these cases would come out of the United States. It is the real party affected in all of these actions. Section 8, Suits in Admiralty Act (46 USCA § 748). Cf. Minnesota v. Hitchcock, 185 U. S. 373, 385, 22 S. Ct. 650, 46 L. Ed. 954.

"* * * * We conclude that the remedies given by the act are exclusive in all cases where a libel might be filed under it. As shown above, sec. 2 [46 USCA § 742] authorizes a libel in personam against the United States or against the Fleet Corporation in each of these cases. It follows that on disclosure—whether by pleading or proof —of the facts aforesaid, the District Court should have dismissed each case for lack of jurisdiction."

The question is whether this decision is controlling of the case at bar. We think it is. The complaint charged that Black Diamond Steamship Corporation operated the vessel; and the answer admitted that this corporation operated it, "as agent only, for the United States, which was the owner thereof." The bill of lading disclosed that the defendant was "managing operators" for the Shipping Board. It was stipulated that the vessel was owned by the United States as represented by the United States Shipping Board. Hence, on the admitted facts, the plaintiff could have sued the United States under the Suits in Admiralty Act. Instead of doing so, it sued the agent, Black Diamond Steamship Corporation, on the theory that the agent had bound itself by the contract evidenced by the bill of lading. Assuming without decision that the bill of lading was properly construed to bind the agent —for on no other theory could the judgment against it be sustained, see Mallory S. S. Co. v. Garfield (C. C. A.) 10 F.(2d) 664—the agent apparently would have a right of indemnity against its principal, since there is no suggestion that the agent went beyond its authority in contracting for the carriage of these goods. Thus we think it sufficiently appears that "directly or mediately, the money required to pay a judgment against [defendants] would come out of the United States." Hence the suit could not be brought in the state court. See Shea v. Export Steamship Corp., 253 N. Y. 18, 170 N. E. 477, 479.

It is true that the Lustgarten Case, 280 U. S. 320, 50 S. Ct. 118, 74 L. Ed. ——, and the Shea Case were actions founded in tort rather than contract; but we can see no reason to differentiate them on this account. Harsh as the doctrine appears in its practical results, we find no escape from it in view of the Supreme Court's opinion. Although prima facie the court was without jurisdiction, if it can be shown that the agent would have no right of indemnity against the United States, jurisdiction will exist; and the plaintiff will be allowed an opportunity to make that proof, if it desires.

Accordingly, the cause is reversed and remanded, with directions to dismiss the complaint unless the plaintiff shall make proof as to jurisdiction as aforesaid.