## DE FILIPPIS v. CHRYSLER SALES CORPORATION.

No. 230.

Circuit Court of Appeals, Second Circuit.

May 1, 1942.

William J. Rapp, of New York City, for appellant.

John B. Cuningham, of New York City (Edward C. Gritzbaugh, Max W. Zabel, and Edward U. Dithmar, all of Chicago, Ill., of counsel), for appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The facts in this case are set out in our opinion on a previous appeal, reported in 116 F.2d 375. Following our decision, the complaint was dismissed and a judgment for costs entered against the plaintiff on January 30, 1941. No appeal was taken from this order. On February 19, 1941, De Filippis moved to vacate and set aside the order of April 4, 1938, which was before us on the prior appeal, alleging that his then attorney had no authority to dismiss the action on the merits and that he had just learned that, without such authority, his attorney's action was improper.

■ 1. The court below denied the motion. It was without jurisdiction in the premises. The order of April 4, 1938, became effective on June 18, 1938. Whether the old equity practice or the Federal Rules of Civil Procedure govern, the motion before us was made long after the time for modifying the order of April 4 had expired. Such lack of jurisdiction must be noticed by us on our own account, Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338.

■ 2. We need not, therefore, pass on the merits, but, to put an end to any possibility of further litigation, we may say that we think appellant's argument on the merits is baseless for the following reason: The record shows unequivocally that the order dismissing the case on the merits was made not on the consent of appellant's attorney, but over his protest. When appellee presented its proposed order of dismissal, providing for a dismissal on the merits if the $250 was not paid, appellant's attorney filed a memorandum in opposition, together with his own proposed order. His memorandum stated that he had moved only for a dismissal without prejudice, and that he had no authority from his client to dismiss on the merits. The court's rejection of his proposed order, and its action in entering the order submitted by the appellee, demonstrate that the order was not made upon consent. It was the trial judge, in the exercise of his discretion, who determined that the dismissal should be upon the merits if the payment was not made. On a motion made a few weeks later to reargue that decision, the appellant himself swore that his attorney had not consented to a dismissal on the merits. Since the dismissal was not upon consent, the extent of his attorney's authority was utterly immaterial.

The case is remanded with directions to dismiss the motion for want of jurisdiction.