## LOCKHART v. UNITED STATES.
### No. 9309.

Circuit Court of Appeals, Sixth Circuit.

June 4, 1943.

M. Blair was named as the person whose life was placed in jeopardy. The jury returned a verdict of "guilty of the charges in said indictment contained." On July 18, 1939, appellant was sentenced to imprisonment in the penitentiary at hard labor for a period of twenty-five years on the second count, and for an additional period of twenty-five years on the third count, the second sentence to begin at the expiration of the first twenty-five years. Appellant is now serving his sentence at Alcatraz.

On March 20, 1941, while incarcerated there and after the expiration of the term at which he was sentenced, appellant filed in the court which tried him, a document variously styled as "A Bill of Review," an "Original Action to Vacate Judgment No. 4045 C.R." (the judgment sentencing him), "Civil Action," and "An Independent Action at Law." In this document, herein called a petition, appellant sets forth that he "was charged with accessory to the National Banking Act" and that he was found guilty but that at no time during the progress of the trial was he informed of or presented with counts 2 and 3, denominated by him as the "jeopardy counts," and that he had no knowledge of these counts until furnished with a copy of the indictment at Alcatraz; and that the sentence imposed upon the jeopardy counts is erroneous. The petition sought to have the sentence reviewed and reversed, and to that end, that the United States, the defendant in the petition, be required to answer and that a new trial be granted. This petition and attached brief were drawn by appellant himself, who is not a lawyer.

Appellee answered, quoted the relevant portions of each count of the indictment and denied all of the essential averments of the petition.

On August 13, 1941, the same District Judge who tried and sentenced appellant, considered his petition as a motion for a new trial, and after hearing arguments of attorneys for the parties, gave instructions that the affidavits of Janet E. Kinnane, attorney for appellant on his original trial, and Deputy Marshal Milton L. French, should be taken and filed. The substance of Kinnane's affidavit was that she was appointed to defend appellant on his plea of not guilty; that she visited him at the jail; that she had the indictment with her and apprised him of what he was charged with; that he informed her that he was not guilty and insisted that she proceed with the trial,

Harry Kasfir, of Cincinnati, Ohio, for appellant.

John W. Babcock, for Detroit, Mich. (John C. Lehr and John W. Babcock, both of Detroit, Mich., on the brief), for appellee.

Before HICKS, MARTIN, and McALLISTER, Circuit Judges.

HICKS, Circuit Judge.

Appellant, William H. Lockhart, and Gaylord McComber, were jointly indicted for participation in the armed robbery of a bank. The indictment, containing three counts, was based on Title 12, U.S.C.A. § 588b, subsections (a) and (b). In the first count appellant and McComber were charged with robbery from the bank. In the second count it was charged that in committing the offense described in the first count they put in jeopardy the life of Fred Liter, an employee of the bank, by the use of dangerous weapons. The third count was identical with the second, except that William

and that the appellant never stated to her at any time prior to the trial that he did not know what he was charged with.

The affidavit of the Deputy Marshal was in substance that, during certain periods before the trial, when appellant was in his custody, he was at no time refused the right to talk with any of his relatives or his counsel.

On November 4, 1941, the court again heard arguments of counsel for both parties, considered the affidavits of Kinnane and French, and ordered that "said motion for a new trial be and the same is hereby denied." The appeal is from this order.

 The denial of a motion for a new trial is not reviewable except to determine whether there has been an abuse of discretion. Further, it is a general principle that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered unless the proceedings for that purpose were taken during that term. United States v. Mayer, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129. Ordinarily, these general principles would end the present controversy in favor of appellee, but appellant's petition, though inartificially drawn, when read in connection with the accompanying brief, must be taken as an application to correct an illegal sentence. This was proper procedure.

In Holiday v. Johnston, 313 U.S. 342, at page 349, 550, 61 S.Ct. 1015, 1017, 85 L.Ed. 1392 (a similar situation involving the same statute), the court said: "His remedy is to apply for vacation of the sentence and a resentence in conformity to the statute under which he was adjudged guilty."

This was said, notwithstanding the Mayer case, and further, notwithstanding the fact that Holiday had sought relief long after the expiration of the term at which he was sentenced. Since the Holiday case and even before, the fact that appellant's application to correct his sentence was not made until after the expiration of the term at which he was sentenced, has not been regarded as a bar. In addition to the Holiday case, see Garrison v. Reeves, 8 Cir., 116 F.2d 978, 979; Miller v. United States, 5 Cir., 128 F.2d 519; Gilmore v. United States, 10 Cir., 124 F.2d 537, 539; United States v. Aveta,[1] Sou. Dist. N.Y., May 25, 1942.

 We think appellant's sentence was erroneous and that the court should have corrected it. Although the indictment contained three counts, the statute upon which it was based creates only one crime. This concession made by the Government in Holiday v. Johnston, supra, 313 U.S. page 349, 61 S.Ct. 1017, 85 L.Ed. 1392, is adhered to here and is supported by Durrett v. United States, 5 Cir., 107 F.2d 438, 439; Wells v. United States, 5 Cir., 124 F.2d 334; Hewitt v. United States, 8 Cir., 110 F.2d 1, 10; and Dimenza v. Johnston, 9 Cir., 130 F.2d 465, 466. As epitomized in the Dimenza case, "These courts held that the offense of bank robbery by the use of deadly weapons as defined in § 588b (b) is the same offense described in § 588b (a), aggravated by the use of a deadly weapon, and that Congress did not intend to define two separate offenses but only one, either aggravated or not."

 Upon the technical record before us, we must assume that the sentence upon count 2 was a valid one. There is nothing to indicate the contrary. The sentence upon the third count was invalid because only one offense had been committed although the third count avers that the life of a second person had been put in jeopardy. See Dimenza v. Johnston, supra.

The case will be remanded with directions to the District Court to correct the sentence accordingly.

But, this does not dispose of another feature of appellant's contention set up in his petition, to wit, that he was never "informed of the nature and cause of the accusation" against him. See Amendment 6 of the Constitution. He contends that the denial of this charge in appellee's answer created an issue "as to whether Lockhart must not be freed at the present time * * *," and that instead of denying his motion, the court should have taken testimony and decided this issue.

 We think that there is no merit in this contention. The jurisdiction of the District Court is limited. We have been cited to no statute or court decision which permits the District Court to set up and determine such an issue after the expiration of the term at which appellant was sentenced. This is quite a different procedure from that of correcting an erroneous sentence. We must not be understood as saying that one in prison in violation of some constitutional right has no remedy. Assuredly, he has, but the question is determinable by habeas corpus and not by motion.

---

[1] No opinion for publication.

See Walcy v. Johnston, 316 U.S. 101, 104, 62 S.Ct. 964, 86 L.Ed. 1302; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. It may, or it may not be, that the time has arrived for the Congress to consider whether the rules of procedure in habeas corpus proceedings should be modified or simplified, but, until this is done, the courts must keep within the limits of the powers and jurisdiction granted them.

There was no error in denying this feature of appellant's complaint, by whatever name designated, and to such extent the order appealed from is affirmed.