## WALDRON v. UNITED STATES.
### No. 9785.

Circuit Court of Appeals, Sixth Circuit.

Dec. 11, 1944.

William A. McKenzie, of Cincinnati, Ohio, for appellant.

John C. Ray, of Detroit, Mich. (John C. Lehr and John C. Ray, both of Detroit, Mich., on the brief), for appellee.

Before HICKS, ALLEN, and McALLISTER, Circuit Judges.

McALLISTER, Circuit Judge.

Appellant was indicted for violation of the Federal Firearms Act, 15 U.S.C.A. § 902(f), and, after a plea of guilty on January 23, 1942, was sentenced by the district court and is now serving a five-year term in the Leavenworth Penitentiary. On September 7, 1943, he filed a motion to vacate the judgment and sentence, which was denied by order of the district court on December 7, 1943, and from such order he appeals in forma pauperis. Section 902(f) of 15 U.S.C.A. provides:

"It shall be unlawful for any person who has been convicted of a crime of violence or is a fugutive (sic) from justice to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce, and the possession of a firearm or ammunition by any such person shall be presumptive evidence that such firearm or ammunition was shipped or transported or received, as the case may be, by such person in violation of this chapter."

In Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519, it was held that Congress was without the power to create the presumption that a person had received a firearm in interstate or foreign commerce merely because of his possession of it and the fact that he had previously been convicted of a crime of violence. Appellant, in his motion to vacate sentence, sets forth that it was because of the statutory presumption, subsequently declared invalid and unconstitutional by the Supreme Court, that he pleaded guilty to an offense he did not commit. In the brief of his counsel, it is urged that the indictment to which appellant pleaded guilty did not charge him with the receipt of the firearm from a shipment or transportation in interstate commerce. The record disclosed that what the indictment actually charged was that appellant unlawfully, wilfully, feloniously, and knowingly, received and possessed an automatic pistol, "which had been theretofore shipped and transported in interstate commerce." In Tot v. United States, supra, 319 U.S. 463, at page 466, 63 S.Ct. 1241, 87 L.Ed. 1519, it was assumed that the offense created by the Act was confined to the receipt of firearms or ammunition as a part of interstate transportation, and did not extend to the receipt, in an intrastate transaction, of such articles which, at such prior time, had been transported interstate. Because the indictment in this case did not charge that appellant had received or transported firearms in an interstate transaction, it did not, with sufficient particularity, charge an offense. But that question is not before us for disposition on appellant's motion to vacate.

The Government contends that although the presumption in § 902(f) was held invalid, the balance of the section remains effective, and that appellant's plea of guilty established the violation of the valid portion of the statute, without necessity of proof or reliance upon the presumption. It is, therefore, urged that the case of Tot v. United States, supra, could not be considered as authority to invalidate appellant's conviction. In considering this argument, we refer to appellant's motion to vacate sentence, in which he sets forth that he pleaded guilty to an offense which he did not commit, because he could not overcome the burden of the statutory presumption. The Government does not claim that appellant received or transported the firearm in question in an interstate transaction. In fact, in answer to the court's inquiry on this very point, during argument on appeal, Government counsel, with commendable frankness, replied that a conviction could not have been secured without reliance upon the statutory presumption, since held unconstitutional. We shall, therefore, treat this case as though appellant had pleaded guilty to the violation of a statute which has since been held unconstitutional.

■ Relying upon the authority of United States v. Mayer, 235 U.S. 55, 35

S.Ct. 16, 59 L.Ed. 129, the Government contends that, in the absence of a statute providing otherwise, the general principle obtains that a court cannot set aside or alter its final judgment after the expiration of the term in which it is entered, unless the proceeding for that purpose was begun during that term. Certain exceptions to the general rule are, however, noted in the foregoing case, consisting of the power of a court, after the expiration of a term in which judgment has been entered, to correct inaccuracies in matters of form or clerical errors. But, the court expressly declined to consider whether a district court might exercise, in criminal cases, a correctional jurisdiction at subsequent terms analogous to that exercised at common law on writs of error coram nobis.

Since the Mayer case, the exceptions therein set forth have been extended in Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392, in which it was held that after expiration of the term at which judgment was entered, the trial court could, on motion to vacate, set aside an invalid sentence that was to run consecutively after a valid sentence which the petitioner was then in the course of serving. In Gilmore v. United States, 10 Cir., 124 F.2d 537, it was held that where two sentences had been imposed for the same offense, the remedy was to apply for the vacation of one of the sentences, even after expiration of the term at which they had been imposed. See also, to like effect, Gargano v. United States, 9 Cir., 140 F.2d 118; Bowen v. United States, 5 Cir., 134 F.2d 845; Miller v. United States, 5 Cir., 128 F.2d 519; Garrison v. Reeves, 8 Cir., 116 F.2d 978; Meyers v. United States, 5 Cir., 116 F.2d 601. In Robinson v. Johnston, 9 Cir., 118 F.2d 998, it was held that a motion to vacate a judgment which was, in legal effect, equivalent to an application for a writ of error coram nobis at common law, could be entertained by a district court after expiration of the term, and that the question whether a defendant in a criminal case was insane at the time he pleaded guilty, could be raised, either on a motion to vacate sentence, in the nature of a writ of error coram nobis, or by petition for a writ of habeas corpus.

In reply to the foregoing, the Government points out that the question before the court in those cases did not involve the liberation of a prisoner held under an unconstitutional statute. In such a case, it is contended that United States v. Mayer, supra, is to be followed, and, since the district court was without jurisdiction to vacate the judgment after the lapse of the term, appellant's only remedy now is by habeas corpus proceedings. In support of its argument, the Government relies upon Lockhart v. United States, 6 Cir., 136 F.2d 122, where it was held that where one is in prison in violation of some constitutional right, his remedy is by habeas corpus and not by motion to vacate the sentence. That case, however, did not involve imprisonment under an unconstitutional statute. Rather, it was sought, by proceedings to vacate the judgment, to bring before the court a claim that the applicant had not been informed of the nature and cause of the accusation against him, in violation of the Sixth Amendment to the Constitution; and the court properly held that, after the term at which sentence had been imposed, such a question was determinable by habeas corpus and not by motion. In the case of Ex parte Novotny, 7 Cir., 88 F.2d 72, it was said that where a judgment is rendered by a court under an unconstitutional law, or in contravention of law, so that the resulting judgment is void, a writ of habeas corpus is proper to secure the release of the improperly incarcerated person. However, this is not to be taken as a holding that a writ of habeas corpus is the sole and exclusive remedy under these circumstances.

■ In this case, there seems no reason for any distinction between the power of a district court to vacate a judgment that is partly valid and partly void, and the power to vacate a judgment that, on the record, and the conceded facts, was, in its entirety, founded upon the unconstitutional provisions of a statute, by virtue of which appellant is now imprisoned. The cases holding that a district court is without jurisdiction to enter an order vacating a judgment and sentence, for the reason that the term has lapsed, do not apply in the situation here before the court. In United States v. Weil, D.C., 46 F.Supp. 323, 326 where the court vacated a judgment and sentence in a criminal case, after the expiration of the term at which sentence had been imposed, it was said: "As heretofore stated counsel for the government contends that the Court was without jurisdiction to enter its order * * * which vacated the judgment, for the reason the term had lapsed, and cite cases in support

of this contention. But these cases do not apply in a situation where the judgment is void on its face and an inspection of the record discloses clearly that the court was without jurisdiction to enter the judgment. The old inflexible rules of the common law should not and cannot be adhered to where human rights and liberties are endangered, especially rights and liberties guaranteed by the Constitution of the United States. Furthermore the defendant in this case was a pauper, he was in prison, and it is incumbent upon the courts to use any extraordinary remedies at their command to see that his rights and liberties are protected. This point raised on behalf of the government, under the circumstances in this case, is not well taken." We feel that the reasons given for the vacation of sentence in the foregoing case, apply with equal force to the case before us. See also, Ex parte Crenshaw, 15 Pet. 119, 10 L.Ed. 682; United States v. Rothstein, 7 Cir., 187 F. 268; Mossew v. United States, 2 Cir., 266 F. 18, 11 A.L.R. 1261.

The order of the district court is, accordingly, set aside and the case remanded, with directions to enter an order vacating the sentence and judgment heretofore entered.

HICKS, Circuit Judge (dissenting).

I am unable to concur. I cannot agree that Waldron pleaded guilty to the violation of an unconstitutional statute. The statute was not declared unconstitutional in the Tot case. The opinion of the court correctly states that in Tot it was held that Congress was without power to create the presumption that a person had received a firearm in interstate or foreign commerce merely because of his possession of it and the fact that he had previously been convicted of a crime of violence. The statute is otherwise left intact.

After Waldron had pleaded not guilty he was permitted to withdraw the plea and enter a plea of guilty upon which sentence was imposed. After he had been in prison under the sentence for about a year and a half Tot was decided and then for the first time Waldron advanced the contention that his sentence was void because the "presumption clause" of the statute had been declared unconstitutional and because when he entered his plea of guilty he acted upon the belief that he could not overcome the effect of the presumption clause. From my viewpoint there is nothing in all this to justify an exception to the general rule that a court has no control over a final judgment after the term of court had expired in which it was entered. The only exceptions to the rule of which I am aware are: (1) where a clerical error has occurred; and (2) where some mistake of fact appears which may be corrected by a writ of error coram nobis. There was no clerical error here. Waldron's plea of guilty and the sentence thereon were exactly in accordance with what happened in court.

In the interest of simple procedure, I would be willing to accept his motion to vacate as a petition for a writ of error coram nobis, but the difficulty is that coram nobis may never be used to correct a misconception of the law. When the District Court in obedience to the direction of this court vacates the sentence, Waldron goes free, for the court has no further jurisdiction over him or his case. This is true, regardless of whether he is actually guilty or not.

I think the opinion as written creates an element of uncertainty over what the courts have long regarded as final judgments. I do not mean to say that Waldron is without remedy. If he is unlawfully detained he may undoubtedly seek relief through habeas corpus. Under this writ the court has jurisdiction to make such disposition of the case as will protect not only the rights of the defendant but of the Government as well.