## ROBERTS v. UNITED STATES.
### No. 5537.

Circuit Court of Appeals, Fourth Circuit.
Nov. 21, 1946.

William Wright Roberts, pro se.

Robert S. McNeill, Asst. U. S. Atty., of Greensboro, N. C. (Bryce R. Holt, Acting U. S. Atty., of Greensboro, N. C., on the brief), for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

### PER CURIAM.

William W. Roberts, in October, 1943, was indicted for making and forging an endorsement on a Government check. Roberts requested a prompt trial and signified his intention of entering a plea of guilty. He was, on October 18, 1943, duly arraigned before the United States District Court for the Middle District of North Carolina, he entered a plea of guilty and was sentenced to three years imprisonment. After serving more than two years of this sentence in the Atlanta Penitentiary, he was released on conditional parole and the time for revocation of this parole has expired.

Roberts had been previously sentenced by a state court in Florida to a term of imprisonment of 45 years for highway robbery committed in 1930. He had been released by the Florida authorities on parole after serving a part of this sentence. Immediately upon the release of Roberts from the Atlanta Penitentiary, he was taken into custody by the Florida authorities, his Florida parole was revoked on the ground of his conviction for the federal crime and he is now confined in a Florida penal institution.

On June 10, 1946, Roberts filed in the District Court below a petition for writ of error coram nobis in forma pauperis. An order was entered in the District Court appointing Chas. A. Hines, Esq., to act as counsel for Roberts. A hearing was held by the District Court on August 16, 1946, at which the District Court considered the facts presented by counsel and adjudged that the petition for Roberts be denied. Roberts has duly appealed.

Among the grounds assigned by Roberts in his petition for the writ of error coram nobis were the allegations that at the time of entering the plea of guilty he was mentally incompetent to enter an intelligent plea and that he was denied the opportunity to consult counsel and no counsel was appointed by the District Court to represent him. There is nothing in the record to

show either that Roberts requested the appointment of counsel or that he was informed by the Court of his right to counsel. There was evidence tending to show mental disability of Roberts, including his confinement in the State Hospital at Morganton, North Carolina, and there was also evidence to rebut this.

■ The District Judge, however, did not pass upon the question of the mental disability of Roberts in connection with the problems of whether there was, or could have been, a valid waiver of counsel or whether there was, or could have been, an intelligent entry of a plea of guilty by Roberts. In this, we think, the District Court committed error.

True it is that the Parole Authorities of the State of Florida alone had jurisdiction to decide whether the Florida parole of Roberts should be revoked and whether Roberts should be confined in Florida. And it is equally true that if the federal judgment of conviction against Roberts is set aside, it will still be a question for the Florida Parole Authorities to decide what effect will be given to this in connection with the confinement of Roberts in Florida. Yet these Parole Authorities had given as the sole ground of the revocation of the Florida parole the fact that Roberts had been found guilty of the federal crime. There are, too, many disabilities attending the conviction of a felony which exist after the sentence has been served.

■ In Barber v. United States, 4 Cir., 142 F.2d 805, 807, said Judge Parker, citing United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129, and speaking for our Court: "Motion in the nature of petition for writ of error coram nobis is available only for the purpose of bringing before the court 'errors in matters of fact which had not been put in issue and passed upon, and were material to the validity and regularity of the legal proceeding itself.'"

■ Clearly, then, the mental competence of Roberts in connection with whether he could or did competently waive counsel and whether he could or did enter an intelligent plea of guilty was a matter "material to the validity and regularity of the legal proceeding itself." Roberts was,

therefore, entitled, upon his petition for a writ of error coram nobis, to have these questions decided by the District Court.

The judgment of the District Court is accordingly reversed, and the case is remanded to that court with instructions to decide the questions indicated in the previous paragraph of this opinion.

Reversed and remanded.