FLEMING, Price Adm'r, OPA, v. RICHTER et al.

No. 151, Docket 20439.

Circuit Court of Appeals, Second Circuit.

Feb. 10, 1947.

Morris Abramson, of New York City (John O'Rourke, of New York City, of counsel), for appellants.

William E. Remy, Deputy Adm'r for Enforcement, David London, Director, Litigation Div., Albert M. Dreyer, Chief, Appellate Branch, Nathan Siegel, Sp. Appellate Atty., OPA, all of Washington, D. C., Kenneth V. Fisher, Regional Litigation Atty., of New York City, David S.

Korn, Sp. Litigation Atty., of New Haven, Conn., for appellee.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellants are two individuals who, as co-partners in business under the firm name of Harry Richter Dress Company, were engaged in the manufacture and sale in the City of New York of outer garments worn by ladies. They were the successors in business of what had been known as the Joyce Dress Company which had filed a price chart for its products in accordance with Revised Maximum Price Regulation No. 287, as amended, which was duly promulgated under the provisions of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq. This price chart showed the established maximum prices for the Joyce Dress Company products and also its highest price line limitations. Under § 18 of the Regulation the appellants, as the transferees of the Joyce Company, were bound by the same limitations until changes were made as permitted by the statute and regulations. In October 1943, the appellant, Harry Richter, filed an amended pricing chart in the Office of Price Administration ostensibly to correct errors he had found in the original pricing chart filed therein. No question is made but that this chart was properly filed for that purpose and fixed the maximum prices and price line limits applicable for use by the appellants.

These are two distinct controls upon prices. One regulates by means of maximum prices at which particular products within any designated category may be sold and will be known herein as the maximum price control. It was designed to assure at least the required correspondence between quality and price by limiting profits on each garment sold and is of secondary importance on this appeal. The other by means of highest price line limits for categories was designed to assure a continued output of garments at prices as low as had been previously charged by the manufacturer, or by a manufacturer in a substantially similar business, in a given base period. Thus there were imposed by these two controls maximum prices for garments within categories and maximum price categories. The latter will be known as the price line control and is the one presently of primary importance since the decisive issue is whether that is a maximum price within the statute.

Under the price chart filed, the appellants' maximum prices for dresses were based on the same calculations which were applicable to manufacturers of dresses in any category and depended upon certain known factors including cost of materials, cost of labor and the like combined with a fixed percentage of allowable profit, thereby assuring the consumer of quality commensurate with the price charged. The appellants did not sell at prices in excess of such maximums and base their main contention on this appeal upon that fact.

What they did was to sell two-piece garments which they called suits and charged $5.75 for each "suit." That price was not within their maximum price line for dresses, but was well within their maximum price line for suits. So they are correct in saying that because this price was allowable under the maximum price fixing formula for a garment of its manufacturing cost no violation of Revised Maximum Price Regulation No. 287 was shown unless in respect to exceeding the price line control for their dresses and then only if the garments they sold as suits were within their category for dresses. And they follow this with the argument that, even if what they sold were within their category for dresses and they violated the price line control, they did not exceed their allowable maximum price. The result is, so they say, that the appellee may be entitled to an injunction but not in any event to statutory damages.

This action was brought both for an injunction and for statutory damages pursuant to § 205(a) and (e) of the Emergency Control Act, 50 U.S.C.A.Appendix, § 925(a) and (e). A permanent injunction was issued which is not attacked on this appeal. The question of statutory damages was tried to a jury which returned a verdict for the plaintiff of $10,973.00. Judg-

ment was entered thereon and the appeal followed.

■ Whether the garments that appellants sold at what were alleged to be unlawfully excessive prices were "suits" or "dresses" was a question of fact which the jury on adequate, though somewhat conflicting, evidence resolved in accordance with the appellee's contention that they were dresses. The verdict establishes that fact on this appeal. Hughes v. Lawyers' Trust Co., 2 Cir., 108 F.2d 792; United States ex rel. Johnson v. Morley Const. Co., 2 Cir., 98 F.2d 781. There was no dispute as to the number of dresses sold or as to the sales prices. Thus if the price line control on these dresses was a maximum price for them the appellee was entitled to a verdict and judgment based on at least the difference between the selling price and the maximum or ceiling price. Porter v. Wendee Junior, Inc., 2 Cir., 156 F.2d 62. The verdict was made up by including therein only that difference for the early part of the period during which violations were proved. That was for a period following the time when, it was testified, Richter had consulted his attorney for advice as to whether the garments were properly classified as suits and been informed that they were. His attorney, before giving him this advice, had shown one of the "suits" to an O.P.A. pricing official and had been told that the garment might be sold as a suit. Such an interpretation did not bind the administrator. Bowles v. Indianapolis Glove Co., 7 Cir., 150 F.2d 597, but was, when relayed to Richter by his attorney, enough to indicate that his sales made in reliance thereon were not willful violations. The jury found that these violations of the regulation were not willful. But later appellants' attorneys became aware that the garments were not properly classifiable as suits and so informed their clients. Nevertheless the appellants made up and sold at the same price as before the garments they then had cut. These violations were justifiably found to have been willful and treble damages were awarded by the jury for those sales. Thus it appears that the judgment was right in amount if any damages were recoverable.

■ The real gist of this appeal, that a violation of the price line control is not a violation of a maximum price for which the Administrator may recover statutory damages under § 205(e) of the Act, was not presented to the trial court and we are urged to hold that it was thereby waived. The point now made goes, however, to the jurisdiction of the court over the cause of action and may be raised for the first time on appeal. Weinstein v. Black Diamond S. S. Corp., 2 Cir., 40 F.2d 590.

■ On the merits we can find no substance to the point. The regulation must be here treated as valid, for its validity is wholly a matter within the jurisdiction of the Emergency Court of Appeals. Cullen v. Bowles, 2 Cir., 148 F.2d 621; Henderson v. Burd, 2 Cir., 133 F.2d 515, 146 A.L.R. 714; United States v. George F. Fish, Inc., 2 Cir., 154 F.2d 798.

■ Revised Maximum Price Regulation No. 287 is violated not only when its maximum price control is not complied with but it is violated when its price line control is not given effect. Each control sets a maximum price. That fixed by the highest price line control for a category is what might be called an over-all maximum price and was applicable to all garments within the appellants' category of dresses. It established the highest price at which the appellants could sell any dresses regardless of manufacturing costs. The so-called maximum price control made unlawful the sale of dresses, even though the sale price was within the over-all maximum price, if the sale price was too great a mark-up over manufacturing costs. Sec. 205(e) of the Act provides for the maintenance by the Administrator, upon conditions, all of which were met, of an action to recover for the over charge when a person violates a regulation prescribing maximum prices and, as we have seen, the appellants did sell dresses in excess of a lawfully established maximum price.

Judgment affirmed.