GRIFFIN v. UNITED STATES.

No. 10815.

United States Court of Appeals
Sixth Circuit.

June 17, 1949.

For former opinion see 173 F.2d 909.

Harry A. Abrams, Cincinnati, Ohio (Harry A. Abrams, Cincinnati, Ohio, on the brief), for appellant.

Robert E. Marshall, Cincinnati, Ohio (Ray J. O'Donnell and Robert E. Marshall, Cincinnati, Ohio, on the brief), for appellee.

Before HICKS, Chief Judge, and SIMONS and MILLER, Circuit Judges.

PER CURIAM.

The United States, by petition for rehearing, seeks the withdrawal of our opinion filed April 18, 1949, granting the motion to expunge a sentence imposed upon the appellant under an indictment which did not state an offense under the statute, principally on the ground that Rule 35 of the Rules of Criminal Procedure, 18 U.S. C.A., is limited in its remedial provisions to the correction or reduction of sentence, while Rule 34 applies to the arrest of judgment on the ground that the indictment does not charge an offense and requires that the motion and arrest of judgment made within the five days after determination of guilt or within such further time as the court may fix during the five day period. The contention is without merit.

▮ Section 2255 of the revised Judicial Code, Title 28 U.S.C.A., effective September 1, 1948, provides that a prisoner in custody under sentence of a court of the United States claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subjected to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. It further provides that a motion for such relief may be made at any time. This section was in effect at the time the issue was presented to this court, and under now familiar rules the law to be applied is the law at the time of decision. We are aware that the case of Cook v. United States, 1 Cir., 171 F.2d 567, seemingly reaches a contrary result.

That case was undoubtedly decided without reference to the Judicial Code which now controls. The same Circuit seemingly had a different view when it decided Ekberg v. United States, 1 Cir., 167 F.2d 380, where the facts are strikingly similar to those here involved.

The petition for rehearing is denied.