**UNITED STATES v. BRADFORD.**

No. 86, Docket 22148.

United States Court of Appeals Second Circuit.

Argued Dec. 5, 1951.

Decided Jan. 24, 1952.

Rehearing Denied Feb. 21, 1952.

Robert L. Bradford, pro se.

Harold J. Raby, New York City, Myles J. Lane, U. S. Atty., New York City, (Thomas F. Burchill, Jr., New York City, Asst. U. S. Atty., of counsel), for appellee.

Before SWAN, Chief Judge, and L. HAND and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

Bradford appeals from an order denying a motion made by him to vacate a judgment of conviction entered upon an indictment for using the mails to defraud. His ground is that he was subpoenaed to appear before the grand jury which found the indictment against him; that he was forced to testify without the assistance of counsel; and that this deprived the jury of jurisdiction to find the indictment and the court to try him upon it. The facts upon which this claim rests are as follows. Bradford and a corporation which he absolutely controlled were indicted on October 27, 1949, for using the mails to defraud. This indictment in four counts charged that they had

"placed in an authorized depository for mail matter" four letters in execution of a fraudulent scheme (one count for each letter). An attorney was assigned to Bradford with his consent, and both he and the corporation pleaded "not guilty." Apparently the prosecution became fearful that it might not have adequate proof that Bradford had himself posted the letters; in any case it wished to substitute an indictment based upon other phrases of the statute governing the mailing of letters.[1] On December 2, 1949, a grand jury found a "superseding indictment" upon new evidence also in four counts; and on December 5th Bradford and the corporation pleaded "not guilty" to this indictment also. Its first, third and fourth counts charged that the accused "caused to be delivered by the Post Office" the same letters laid in the first, third and fourth counts of the first indictment; and the second count charged that they "placed and caused to be placed in an authorized depository" the letter laid in the second count of the first indictment. The accused were brought to trial on the second indictment on December 6th, another assigned attorney appearing for them and conducting the defence. On December 7th upon this attorney's advice Bradford pleaded guilty upon all four counts both for himself and the corporation; and on December 12th the court sentenced him to a year and a day on counts one and two, to run concurrently; and suspended "the imposition of sentence * * * on counts three and four, probation for three years to commence after service of sentence on counts one and two." Bradford entered upon execution of the sentence on counts one and two at once, served the term and was released on September 25, 1950. His complaints now are two: (1) that he was not properly represented by attorney when he was subpoenaed to testify before the grand jury which found the second indictment; and (2) that that indictment was void because he was compelled to testify before that jury.

A few days before November 9, 1949, the prosecution served Bradford with a subpoena *duces tecum* commanding him to appear before the grand jury on that day and to bring with him certain books, papers and records of the corporate defendant. He did appear; he was sworn and after being informed that he need not answer any question which would incriminate him personally, he was questioned at length about the existence and whereabouts of the corporation's papers. He testified that, although he had at one time been president of the company, he had resigned; that he did not know where the papers were or who had possession of them; and that he could not have produced them, if he did, because he was under arrest upon the first indictment (as in fact he was); and he protested against being called to testify on the ground that the examination was "unfair," and, was only designed to compel him to give testimony which his constitutional privilege authorized him to refuse. It is obvious that his testimony and general bearing aroused the hostility of at least one member of the panel who joined in the questioning; and, although the questions put to him were all confined to extracting possible information about the whereabouts of the corporate papers, we shall assume for argument that they were pressed unduly, until he became privileged to refuse to answer. On December 21, 1949, while serving his sentence he appealed to this court upon the ground that the indictment did not charge a crime; and we dismissed the appeal as frivolous on January 31, 1950. On June 28, 1950, he filed a motion under § 2255 of Title 28, U.S.C. to vacate the sentence because of his enforced testimony before the grand jury; but this he withdrew on July 7th of that year, on the ground that the motion was "inadequate." On July 12th he petitioned for a writ of habeas corpus which the judge refused. He appealed from this order and we dismissed that appeal on January 11, 1951, because the issue had become moot, Bradford having by that time served his term and been released.[2] The proceeding now before us was started on May 21, 1951, and was decided in the district court on June 14, 1951.

---

1. § 1341 of Title 18 U.S.C.

2. United States ex rel. Bradford v. Thompson, 2 Cir., 185 F.2d 1021.

█ Although the prosecution did not raise the jurisdiction of the district court on this appeal or below, we are as much bound to raise the point of our own motion as we are to raise the question of our own jurisdiction.[3] Not being in custody Bradford was in no position to review the conviction by habeas corpus[4] (that was indeed why we held that the question was moot); and he was in no better position to do so by a motion under § 2255. The section "was passed * * * to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction;" and its "sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording the same rights in another and more convenient forum." [5] Thus the section should be read as coextensive in substance with the writ, and as confined to amending the procedure; and it follows that in it the word, "custody," has the same meaning as in habeas corpus. Hence the section gave the district court no more jurisdiction over the motion than it had by habeas corpus. Crow v. United States[6] is an exact precedent. It is true that in Griffin v. United States[7] the Sixth Circuit allowed a convict who had served his term under one judgment to challenge its validity under § 2255. This he wished to do because, being in custody under a second federal sentence for another crime, he would have to serve a shorter part of the sentence imposed under that judgment, if the first judgment were vacated. In its first opinion the court assumed without discussion that § 2255 applied to the situation, disregarding the fact that the convict was not in custody under the judgment which he attacked. However, upon the rehearing, we infer that it sustained its ruling because it believed that the phrase in § 2255: "in custody under sentence of a court established by Act of Congress", covered the sentence of any federal court, and was not limited to one imposed under the judgment sought to be vacated. We have no occasion to express any opinion as to that; for Bradford was not "in custody" of any sort whatever. Finally, it is to be noted that a convict, paroled under Chapter 311 of Title 18 U.S.C., is "in legal custody," because § 4203 expressly so declares; and on that account it is conceivable that Bradford might have been in position to review his conviction by habeas corpus or § 2255, if he had been paroled.

█ Since he may not invoke § 2255, his available remedy, if he has one at all, must be under Criminal Rules 33, 34, and 35, 18 U.S.C. Rule 33 is too plainly irrelevant to justify discussion; and Rule 34 requires the motion to be made within five days after "determination of guilt", or within any further period that the court may allow within five days. There remains therefore only the first sentence of Rule 35 which declares that "the court may correct an illegal sentence at any time." At common law there were always exceptions to the doctrine that a court lost jurisdiction over its judgments, civil or criminal, with the expiration of the term at which they were entered. These exceptions included clerical mistakes and a sentence which the judgment did not support.[8] A case completely on all fours is Gilmore v. United States, 8

3. Chicago, B. & Q. Ry. v. Willard, 220 U.
S. 413, 419–421, 31 S.Ct. 460, 55 L.Ed.
521; Weinstein v. Black Diamond S. S.
Corp., 2 Cir., 40 F.2d 590; Cheyne v.
Atchison, T. & S. F. Ry., 9 Cir., 125 F.
2d 49; De Filippis v. Chrysler Sales
Corp., 2 Cir., 127 F.2d 530; Fleming v.
Richter, 2 Cir., 159 F.2d 792; Baltimore
& Ohio R. R. Co. v. Chicago River &
Indiana R. R. Co., 7 Cir., 170 F.2d 654,
658.

4. Wales v. Whitney, 114 U.S. 564, 572–
575, 5 S.Ct. 1050, 29 L.Ed. 277; Stallings v. Splain, 253 U.S. 339, 343, 40 S.
Ct. 537, 64 L.Ed. 940; Sibray v. United
States, 3 Cir., 185 F. 401, 403; United

States v. Tittemore, 7 Cir., 61 F.2d 909;
Rowland v. Arkansas, 8 Cir., 179 F.2d
709.

5. United States v. Hayman, 342 U.S. 205,
72 S.Ct. 263.

6. 9 Cir., 186 F.2d 704.

7. 6 Cir., 173 F.2d 909; on rehearing, 6
Cir., 175 F.2d 192.

8. Hammers v. United States, 5 Cir., 279
F. 265; De Benque v. United States, D.
C.Cir., 85 F.2d 202, 207; Anderson v.
Rives, D.C.Cir., 85 F.2d 673, 675; Garrison v. Reeves, 8 Cir., 116 F.2d 978; Lockhart v. United States, 6 Cir., 136 F.2d

Cir., 131 F.2d 873. Such was the law before 1946 when Rule 35 was promulgated, and the note of the "Advisory Committee" declares that its first sentence only "continues existing law." In accordance with that construction the First Circuit in Cook v. United States, 171 F.2d 567, decided that it covered no other error in a criminal record than the correction of a sentence, whose imposition the judgment of conviction did not authorize; and in particular that it did not cover motions in arrest of judgment with which Rule 34 deals. The reasoning seems to us unanswerable. Motions in arrest of judgment must be decided upon the "record," and the "record" in a criminal prosecution includes no more than the indictment, the plea, the verdict—when the plea is "not guilty"—and the sentence; it does not cover anything which took place "in pays." Indeed, no facts not in the "record" as so understood, were open to review at all on appeal until the Statute of Westminster. We discussed this question at length in United States v. Zisblatt, 2 Cir., 172 F.2d 740, and need not repeat what we said. Rule 34 expressly covers motions in arrest on the ground that the indictment does not charge a crime, and on the ground the court has no jurisdiction. And Bradford's position is expressly within the second phrase. Thus his time to move in arrest of judgment ended five days after his plea of guilty. Obviously it is an utterly untenable argument, as Magruder, J., said in Cook v. United States, supra, that, although the judgment has become unassailable, the sentence may be "corrected" as "illegal" because of some error which vitiates the judgment.

■■ As the law now stands, the remedies open to a convict who is not in custody are limited to an appeal from the judgment, and to a motion made under Rules 33, 34 and 35; and so far as he seeks to challenge any question of the court's jurisdiction he must bring himself within Rule 34. Not so, if he is in custody. If Bradford is arrested during the remaining period of his probation, we do not say that he will not be able to challenge the court's jurisdiction by habeas corpus or under § 2255; but, as the case stood, the court had no power to entertain the motion and should have dismissed it without considering the merits. For these reasons the order must be reversed and the cause remanded to the district court with instructions to dismiss the motion for lack of jurisdiction.

Order reversed; cause remanded with instructions to dismiss the motion for lack of jurisdiction.

## On Petition for Rehearing

PER CURIAM.

None of the decisions, now for the first time cited, needs notice except United States v. Steese, 3 Cir., 144 F.2d 439, and Roberts v. United States, 5 Cir., 158 F.2d 150. In each of these the defendant was allowed to challenge a federal judgment because of matters dehors the record after the time prescribed, although he was not in custody under the judgment. In each he was, however, in custody under the judgment of a state court, the duration of the sentence upon which depended upon the validity of the federal judgment. It may be that that is a situation which justifies interposition by motion outside the Rules; we have no occasion to pass upon that question in the case at bar.

Petition denied.

122; Buie v. King, 8 Cir., 137 F.2d 495, 499; Roscoe v. Hunter, 10 Cir., 144 F. 2d 91, 93; Waldron v. United States, 6 ■■■■

Cir., 146 F.2d 145; Robinson v. United States, 10 Cir., 147 F.2d 915.