**UNITED STATES v. KERSCHMAN.**

No. 10706.

United States Court of Appeals
Seventh Circuit.

Feb. 18, 1953.

Julius Lucius Echeles, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., and Anna R. Lavin, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing, for lack of jurisdiction, the motion filed by the defendant-appellant, Hyman Kerschman, under Section 2255 of Title 28, United States Code.

The motion attacked the validity of, and sought to vacate, a judgment and sentence imposed on the defendant in April 1934. This sentence was imposed on the defendant by the United States District Court for the Northern District of Illinois, Eastern Division, on his plea of guilty to an indictment which charged him, in the first count, with receiving, possessing and concealing a stolen vehicle in commerce, and, in the second count, with transporting said stolen vehicle. The sentence of a year and a day was imposed in gross without apportionment between the two counts.

In his motion the defendant alleged that he first pleaded not guilty but later changed his plea to guilty on the representation of an Assistant United States Attorney that he would receive only a suspended sentence. The defendant further represented in his motion that at that time he understood that he was being charged only with transporting; that he never saw a copy of the indictment; that the indictment may have been read to him but that, if it was, he did not understand it; that he was not represented by an attorney, was not asked if he wanted an attorney, and at no time said that he did not want to be represented by an attorney.

Defendant further alleged that he was completely unfamiliar with what was going on and entirely unable to protect himself; and that while the vehicle may have been stolen, he did not know it, and did not realize that lack of knowledge was a defense to the charge of transportation. He alleged that he did not know until in 1951 that he had been found guilty of anything more than transporting the stolen vehicle in commerce. Defendant also said that in 1951 he was convicted of a felony in the State of New York and that, because of his 1934 conviction, he was sentenced by the New York court as a second felony offender; and that at the time of the filing of his motion he was serving time as a second felony offender in the New York penitentiary under the sentence of the New York court because of his conviction in 1934 on the second count of the indictment.

We think the facts alleged in the defendant's motion clearly show that he was not entitled to relief under Section 2255. That section, as amended in 1949, reads in part as follows:

"A prisoner *in custody under sentence* of a court established by Act of Congress claiming the right to be released upon the ground that *the sentence* was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that *the sentence* was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed *the sentence* to vacate, set aside or correct *the sentence*.

"A motion for *such relief* may be made at any time." (Our emphasis.)

The quoted portion of this section clearly shows the intention to limit the relief granted by this section to persons *in custody* under *the sentence* which is being attacked by the motion. In the instant case the pris-

oner had long since finished serving the sentence which he sought to attack. It is true that he is now in custody, but that custody is in a state penitentiary in New York under a sentence imposed by a New York court. Defendant's motion states ·that he is serving this sentence as a second felony offender. His motion does not state whether he has yet served the amount of time to which he would have been sentenced for the felony he committed in New York if that sentence had not been for a second felony. Even though the defendant may now be serving the additional time he was given because of his being a second offender, his case still does not fit the specifications which are spelled out in Section 2255.

In Crow v. United States, 9 Cir., 186 F. 2d 704, the prisoner, while serving the first of two sentences which were to be served consecutively, attacked the validity of the second sentence by a motion made pursuant to Section 2255. After a careful analysis of the purposes and the provisions of that section the court said, 186 F.2d at page 705, that the provision in that section that, "A motion for such relief may be made at any time", is controlled by the preceding provisions of the section, and that, therefore, the words "at any time" mean "at any time the prisoner is *in custody under the sentence which he attacks*." (Our emphasis.)

In Lopez v. United States, 9 Cir., 186 F.2d 707, the court made the same ruling on a motion made by a defendant after he had served the sentence which he was attacking. See also Farnsworth v. United States, D.C.Cir., 198 F.2d 600.

The decisions on which the defendant is relying are not applicable to a motion under Section 2255. The defendant argues that the merits of his motion should have been considered because in Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196, the Supreme Court, on a petition for certiorari, considered the case on its merits, although the appellant there had already served his sentence. The Supreme Court refused to follow the suggestion of the Solicitor General that the cause was moot, because the defendant was an alien and the possibility of deportation and of citizenship would be affected by his conviction if it were permitted to stand. But in that case the defendant was making a direct attack on the judgment by a petition for certiorari, not on grounds for a collateral attack permitted only under the conditions specified in Section 2255.

In United States v. Steese, 3 Cir., 144 F.2d 439, 442, decided in 1944, four years before the enactment of Section 2255 as a· part of our civil procedure, the court held that the motion of the petitioner might be treated as a modern substitute for the ancient writ of error *coram nobis* and, therefore, be considered on its merits. But writs of error *coram nobis* were expressly abolished by Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C. In Roberts v. United States, 4 ·Cir., 1946, 158 F.2d 150, the court was also considering the motion as a petition for a writ of error *coram nobis*, not as a motion under Section 2255.

The petitioner here cites United States v. Bradford, 2 Cir., 194 F.2d 197, and quotes from the *Per Curiam* decision denying a petition for rehearing in that case. There the defendant had been convicted in a court of the United States on four counts of an indictment. The court thereupon sentenced the defendant to a year and a day on counts one and two, to run concurrently, and suspended the "imposition of sentence * * on counts three and four, probation for three years to commence after service of sentence on counts one and two." The defendant served the time on counts one and two and was released on September 25, 1950. A few months after his release the defendant filed a·motion to vacate the judgment of conviction against him. On defendant's appeal from the denial of his motion the court said, 194 F.2d at page 200:

"*Not being in custody* Bradford was in no position to review the conviction by habeas corpus * .* * and he was in no better position to do so by a motion under § 2255. The section 'was passed * * * to meet practical difficulties that had arisen in administering the habeas corpus jurisdiction;' and its 'sole purpose was to minimize the difficulties encountered in habeas corpus hearings by affording

*the same rights* in another and more convenient forum.'" (Our emphasis.)

The court there cited Crow v. United States, supra, as being an exact precedent. While there are some statements in the Bradford case which might seem to lend some encouragement to the defendant here, the decision there and the positive statements of the court as to the law do not support the defendant's position.

Thus we see that no decision cited by the defendant, nor any that we have found, would have justified the District Court in assuming jurisdiction and hearing this motion on the merits.

This court wishes to thank Julius Lucius Echeles, Esquire, who was appointed counsel to represent the appellant in the District Court and who continued to represent the appellant on this appeal.

The judgment of the District Court is affirmed.