Guillermo **HARRIS**, Petitioner,

v.

**UNITED STATES** of America,
Respondent.

No. 68 Civ. 4574.

United States District Court
S. D. New York.

Feb. 18, 1969.

Guillermo Harris, pro se.

Robert M. Morgenthau, U. S. Atty., New York City, for the United States; Michael W. Leisure, New York City, of counsel.

### MEMORANDUM

COOPER, District Judge.

Petitioner, applying *pro se,* moves pursuant to 28 U.S.C. § 2255 and Rule 35, F.R.Crim.P., to vacate and set aside sentence.

The consolidated trial of Indictments 64 Cr. 106 and 64 Cr. 127, charging violations of the federal narcotic laws, was heard by this Court sitting without a jury; on March 9, 1964, petitioner was found guilty of all counts against him in both indictments. On April 7, 1964, petitioner was sentenced to a total of twelve years imprisonment: concurrent terms of five years on counts 1, 2, 3, 4, 5 and 7 of Indictment 64 Cr. 106, and a consecutive term of two years on count 6; concurrent terms of five years on counts 1, 2 and 5

of Indictment 64 Cr. 127, to be served consecutively with the seven year sentence imposed in Indictment 64 Cr. 106. These convictions were affirmed from the bench on appeal.

## A. *Jurisdiction*

Petitioner attacks only the two-year sentence imposed on count 6 of Indictment 64 Cr. 106. This, however, he is not presently serving. The Government does not assert the doctrine that only those "claiming the right to immediate release" may maintain an action under § 2255. See Heflin v. United States, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959); United States v. Bradford, 194 F.2d 197 (2d Cir. 1952), cert. denied, 347 U.S. 945, 74 S.Ct. 642, 98 L.Ed. 1093 (1954); United States v. McGann, 245 F.2d 670 (2d Cir. 1957). Nor does it claim that this attack on the underlying conviction is outside the scope of relief authorized by Rule 35, F.R.Crim.P. See, *e. g.*, United States v. Morgan, 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248 (1954). Yet, since issues of jurisdictional consequence are involved, we feel compelled to confront these questions. See United States v. Bradford, 194 F.2d at 200.

We need not here decide whether petitioner's motion could be entertained under Rule 35,[1] for we hold the principles announced recently in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968) as to federal habeas corpus, to be equally applicable to proceedings under § 2255. See Crow v. United States, 397 F. 2d 284 (10th Cir. 1968).

 We are supported in this view by the reasoning of past decisions which limited § 2255 motions to those wherein petitioner could claim the right to an immediate release. See United States v. Bradford, supra; United States v. McGann, supra. These were rendered during the pendency of McNally v. Hill,

293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934), which held habeas corpus did not authorize attacks upon future consecutive sentences on the ground that such sentences failed to meet the "in custody" requirement for jurisdiction. Judge Learned Hand held:

> "the section [2255] should be read as coextensive in substance with the writ, and as confined to amending the procedure; and it follows that in it the word, 'custody,' has the same meaning as in habeas corpus."

United States v. Bradford, *supra*, at 200. See also, United States v. McGann, *supra*. *McNally* was overruled by the United States Supreme Court in Peyton v. Rowe, *supra*; reading § 2255 to be coextensive with federal habeas corpus in the light of *Peyton*, we are empowered to entertain petitioner's motion. We must therefore consider all objections raised regardless of the sentence under which petitioner is currently confined.

## B. *Self-incrimination*

Count six charged that on or about January 9, 1964, petitioner and his co-defendant unlawfully, wilfully and knowingly purchased, possessed, dispensed and distributed approximately 96 grams, 100 miligrams, of cocaine not in or from the original stamped package, in violation of 26 U.S.C. § 4704(a). Petitioner contends that his sentence under this count should be vacated under the authority of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968); in that compliance with § 4704(a) would have compelled him to incriminate himself with respect to violations of 26 U.S.C. § 4724 and of the narcotic laws of the State of New York.[2]

---

1. As to this issue see Harris v. United States, 299 F.Supp. 385, (S.D.N.Y. February 18, 1969), a rendered with regard to petitioner's motion for a refund of filing fees paid by him.

2. The Government does not contend that petitioner's failure to claim a violation of his Fifth Amendment rights at trial presents a bar to reversal of his conviction. See Grosso v. United States, 390

We are duty bound to give appropriate consideration to closely related statutory requirements in determining whether the risk of self-incrimination is "real and appreciable." Grosso v. United States, 390 U.S. at 65, 88 S.Ct. 709. Thus, in determining whether a substantial risk of self-incrimination is present here, we must examine the alternatives to violation of § 4704(a) afforded petitioner by the statutory scheme. On the one hand, petitioner might assure compliance with that section by purchasing the narcotics in an original stamped package. To do so he would have to obtain a written order form, since sale to any person "except in pursuance of a written order of the person to whom such article is sold" would be unlawful. See 26 U.S.C. § 4705(a). Written order forms shall be sold only to persons who have registered and paid the special occupational tax as required by §§ 4722 and 4721. See 26 U.S.C. § 4705 (f).

■ It is apparently upon this that petitioner bases his argument that he is required to register and incriminate himself in order to escape punishment under § 4704(a). However, petitioner admits to being unauthorized to purchase or dispense narcotic drugs. As a person not licensed or otherwise legally qualified to engage in such activity he would not be permitted to register under § 4722. See 26 C.F.R. §§ 151.23 and 151.24. See also, 26 U.S.C. §§ 4721 and 4722; Walker v. United States, 176 F.2d 796 (9th Cir. 1949).

■ Finding written order forms foreclosed to him, petitioner might seek to comply with § 4704(a) by paying the tax imposed by § 4701 upon the narcotic product.[3] Even assuming such a payment would retroactively effectuate compliance with § 4704(a),[4] only persons registered pursuant to § 4722 as importers, manufacturers, producers or compounders may requisition narcotic tax stamps. See 26 C.F.R. § 151.130. For the reason he is not legally qualified to engage in the traffic of narcotic drugs, and, additionally, since he fails to qualify under any of the four categories above, petitioner would not be permitted to register so as to obtain tax stamps.

■ Denied an opportunity to register and thereby obtain either tax stamps or order forms, petitioner could not have avoided violation of § 4704(a) by means of self-incrimination, even if he had sought to do so. Thus, the reasoning of *Marchetti, Grosso* and *Haynes* is inapplicable to this prosecution under § 4704 (a). This simply is not a case in which a petitioner is punished for failure to record self-incriminatory information.

Section 4704(a) is part of a statutory scheme designed to channel traffic in narcotics only to those persons lawfully entitled to be engaged therein. Thus, § 4704(a) acts to absolutely prohibit purchasing and dispensing of narcotic drugs by persons not legally qualified, except where such drugs are in the original stamped package; and § 4705(a), prohibiting sale except in pursuance of a written order form, operates to deny unauthorized persons access to narcotic drugs in the original stamped package.

■ Section 4704(a) is not unconstitutional anymore than it is violative of the privilege against self-incrimination simply because unqualified dealers are denied the option of registration as an

---

U.S. 62, 70–72, 88 S.Ct. 709 (1968); United States v. Manfredonia, 391 F.2d 229 (2d Cir. 1968).

3. Wholly apart from the occupational tax imposed by § 4721, § 4701 exacts a tax on the narcotic itself. It is this tax which is the subject of the stamp provided for in § 4703. This stamp, required to be affixed to all packages of narcotics, is in turn the subject of § 4704(a), which makes criminal all traffic in narcotics

which are not in or from the original stamped package.

4. Since petitioner was found guilty of purchasing as well as dispensing and distributing narcotics not in or from the original stamped package, it would not appear petitioner could have escaped violation merely by paying the tax imposed by § 4701 himself. In this regard see generally, United States v. Taylor, 286 F.Supp. 683 (E.D.Wis.1968).

avenue to obtaining stamped packages of narcotics. The fact that § 4704(a) taxes activity which is necessarily illegal if carried on by one not lawfully entitled to deal in narcotics does not render the statute unconstitutional. See Marchetti v. United States, 390 U.S. at 44, 88 S.Ct. 697.

There is a further distinction between the recent trilogy of Supreme Court cases and petitioner's claim. Unlike the gambling and firearms registration statutes, § 4704(a) cannot be said to be directed primarily at those "inherently suspect of criminal activities." See Fields v. United States, 287 F.Supp. 606 (E.D.Va.1968); United States v. Minor, 398 F.2d 511 (2d Cir. 1968); United States v. Oliveros, 398 F.2d 349 (2d Cir. 1968). See also, Leary v. United States, 392 F.2d 220 (5th Cir.), cert. granted 392 U.S. 903, 88 S.Ct. 2058, 20 L.Ed.2d 1362 (1968); United States v. McGee, 282 F.Supp. 550, 551 (M.D.Tenn. 1968); United States v. Richardson, 284 F.Supp. 419 (M.D.Ala.1968). But see United States v. Covington, 282 F.Supp. 886 (S.D.Ohio 1968). This section serves a very vital Congressional purpose respecting those licensed and registered as lawful narcotic dealers. By prohibiting the purchase or distribution of narcotics not in the original stamped package, it operates to seal off outlets to those in possession of contraband narcotics.

Thus, § 4704(a) is an important link in the highly significant and interdependent scheme which regulates the conduct of a lawful business consisting of many thousands of licensed, duly registered persons engaging in the narcotic drug business. See Fields v. United States, *supra;* United States v. Minor, *supra* at 516. As the Second Circuit declared in United States v. Minor, *supra:*

"It would not be factual to say of the narcotics statutes and regulations what the Supreme Court said of other more general tax provisions—that they are 'directed at the public at large,' * * * it would be equally inaccurate, however, to say, that they are 'directed at

a highly selective group inherently suspect of criminal activities * * *.'

It is not our function to anticipate changes of doctrine and thus render ineffective a vital statutory scheme designed by the Congress to regulate the potentially dangerous traffic in narcotic drugs."

For the reasons set forth above, we find petitioner's conviction under 26 U.S.C. § 4704(a) did not offend his Fifth Amendment privilege against self-incrimination. Accordingly, petitioner's application to vacate and set aside sentence pursuant to 28 U.S.C. § 2255 and Rule 35, F.R.Crim.P., is denied.