**UNITED STATES of America, Plaintiff,**

v.

**Danny Marvin TAYLOR, Defendant.**

**No. 67-CR-178.**

United States District Court E. D. Wisconsin.

May 15, 1968.

John H. Niebler, Menomonee Falls, Wis., for plaintiff.

Thomas E. Weil, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

## DECISION ON MOTION

MYRON L. GORDON, District Judge.

This is a motion by the defendant to dismiss a one count indictment which accuses him of a violation of 26 U.S.C. § 5851. The indictment, dated December 7, 1967, charges Mr. Taylor with the possession of a shotgun which allegedly had been manufactured in violation of 26 U.S.C. § 5821.

Mr. Taylor's motion is based upon the recent decision of the United States supreme court in Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), wherein the court ruled that the constitutional privilege against self-incrimination was a full defense to one's being prosecuted either for the failure to register a firearm under § 5841 or for the possession of an unregistered firearm under § 5851. Mr. Taylor argues that he would be obliged to endure the same type of unconstitutional self-incrimination if he were to fulfill the obligation imposed upon him in order to avoid the present prosecution. See also Marchetti v. United States, 390

U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968).

In my opinion, there is an essential difference between the case at bar and the *Haynes* case: §§ 5821 and 5851 do not allow one who has acquired possession of a firearm, which had been illegally made, to legitimatize his possession by subsequently complying with the disclosure and taxation provisions of § 5821. It is an offense under § 5851 to possess a weapon which has, at any time, been made in violation of § 5821. The situation in the case at bar is different from that involved in the *Haynes* case.

Prior to *Haynes*, several courts had held that notwithstanding the infirmity of § 5841 as incorporated into § 5851, there was no constitutional difficulty with § 5821 and its interplay with § 5851. Mares v. United States, 319 F.2d 71 (10th Cir.1963); Sipes v. United States, 321 F.2d 174 (8th Cir.1963); Russell v. United States, 306 F.2d 402 (9th Cir. 1962); United States v. Fleish, 227 F.Supp. 967 (E.D.Mich.1964).

The crime charged against Mr. Taylor is the possession of a firearm which had been made in violation of § 5821. Under the statute, the possessor of such a firearm may not correct the maker's failure to have disclosed an intention to make such firearm. Self-incrimination is not required under § 5821 since it does not compel a possessor to register or otherwise incriminate himself. The constitutionality of this section was upheld in United States v. Mares, 319 F.2d 71 (10th Cir.1963), which was decided before the decision in the *Haynes* case. At page 73, the court said:

"The declaration requirement contained in 26 U.S.C. 5821(e) does not violate the constitutional safeguard against self-incrimination in respect to prosecutions for possession of firearms illegally made * * * Section 5821 requires one who desires to make a firearm to file a declaration of intent with the Secretary of the Treasury and to pay the prescribed tax. In contrast with Section 5841, there is no self-incrimination inhering in the filing of the latter declaration or the payment of the tax. The declaration and payment required by Section 5821 would establish the legality, rather than illegality, of the possession of such a firearm."

For the reasons set forth above,

It is ordered that the motion to dismiss must be and hereby is denied.