William Nelson STONEY, Petitioner,

v.

UNITED STATES of America, Respondent.

No. 68 C 201(2).

United States District Court
E. D. Missouri, E. D.
June 28, 1968.

William Nelson Stoney, pro se.

James M. Gordon, Asst. U. S. Atty., Veryl L. Riddle, U. S. Atty., St. Louis, Mo., for respondent.

## ORDER

MEREDITH, District Judge.

This matter is before the Court on a motion by the petitioner, William Nelson Stoney, "seeking dismissal of indictment and sentence". The petitioner is proceeding in forma pauperis. He is presently confined in Medical Center for Federal Prisoners, Springfield, Missouri, serving a two year sentence imposed by this Court on April 14, 1967.

Petitioner was convicted of the possession of an unregistered weapon in violation of 26 U.S.C. § 5851. An appeal from the sentence under this conviction was not perfected and it was dismissed by order of the Court of Appeals. The petitioner has now filed with this Court a motion in which he asks for "dismissal of indictment and sentence" on the ground that the requirements of section 5851 were declared unconstitutional in

Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). The motion will be treated as one to vacate a sentence under 28 U.S.C. § 2255.

The petitioner is in error in stating that section 5851 was declared unconstitutional in the *Haynes* case. The holding therein was that an assertion of the claim of self-incrimination was an effective defense to prosecution for violation of section 5851.

 In the *Haynes* case the defendant asserted his right against self-incrimination during the trial. In Drennon v. United States, 393 F.2d 342 (8th Cir. 1968), the defendant failed to do so, but the Eighth Circuit held that "he did not voluntarily waive his privilege" and that it was a complete defense to the charges when asserted by motion at the appellate level. However, in neither of these cases was the appeal concluded when the privilege was asserted. The petitioner here seeks by collateral attack to assert a defense which he did not advance when his case was open. Relief in these circumstances may only be afforded petitioner by way of the vacation of his sentence under 28 U.S.C. § 2255. In the opinion of this Court, such relief cannot be granted. The situation here is not unlike that in Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947), and Warring v. Colpoys, 74 App.D.C. 303, 122 F.2d 642 (D.C.Cir. 1941), and De Welles v. United States, 372 F.2d 67 (7th Cir. 1967). In each of those cases the petitioner contended that there was a shift in the law which, if known, would have permitted the assertion of a waived defense. The Courts, however, refused to permit a collateral attack upon the sentences entered. Here the petitioner failed to assert his defense of privilege at any stage while his case was still open. He cannot now advance this defense by way of collateral attack.

The Eighth Circuit in Deckard v. United States, 381 F.2d 77 (1967), allowed a post-conviction collateral attack upon a 26 U.S.C. § 5841 conviction. In that case, however, the Court of Appeals based its decision upon cases which held

that the statute was unconstitutional, or applied in an unconstitutional manner. The Supreme Court in *Haynes* declined to declare §§ 5841 and 5851 unconstitutional. See Sizemore v. United States, 393 F.2d 656 (8th Cir. 1968). We are not now dealing with a conviction under a statute that is unconstitutional. Therefore, the granting of collateral attack in *Deckard* would not be controlling in this case.

■ The second reason for the denial of relief is that the decision in Haynes v. United States, supra, should, in the opinion of this Court, be applied without retroactive effect. It is, therefore, not applicable to vacate a sentence imposed upon petitioner on April 14, 1967, nearly a year prior to the date on which the *Haynes* decision was handed down.

The question of retroactive application of decisions has been considered by the Supreme Court on several occasions in the past few years. In some, such as Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), holding that a defendant could not be tried without the presence of counsel, and Roberts v. Russell, 392 U.S. 293 (1968), 88 S.Ct. 1921, 20 L.Ed.2d 1100, holding that a confession given by one defendant and implicating another could not be introduced during their joint trial, were given retroactive effect by the Supreme Court. In others, such as the holding in the Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that statements obtained from a defendant without proper warning of his rights could not be introduced during a trial, have been held to have prospective application only. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966); see also Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967).

In deciding the issue of retroactivity in Roberts v. Russell, supra, the Court quoted from the *Stovall* case, which stated:

"We have * * * retroactively applied rules of criminal procedure fashioned to correct serious flaws in the fact-finding process at trial."

The Court then said in the *Roberts* case that the admission of the statement by the co-defendant prevented a fair determination of the guilt or innocence of the appellant.

These statements are clearly inapplicable to the instant case. The petitioner was charged with possession of an unregistered weapon, and proof of such charge was presented at the trial. There was nothing in the presentation of this proof which would suggest a flaw "in the fact finding process" at the trial. Stovall v. Denno, supra. There was no prejudicial evidence introduced, such as the *Roberts* case condemns. The defendant was represented by Counsel, in contrast to the *Gideon* case, supra, so that his interests were protected at the trial. There is, in fact, no implication that the defendant failed to have a fair trial. In the opinion of this Court, the *Haynes* case should not be applied retroactively so as to permit the assertion by petitioner of the defense of self-incrimination at this time.

It is hereby ordered that the motion of petitioner is overruled.