**406**

Alexander **DESIMONE**

v.

**UNITED STATES of America.**

Civ. No. 12571.

United States District Court
D. Connecticut.

Dec. 17, 1968.

———◆———

Alexander Desimone, pro se.

Jon O. Newman, U. S. Atty., Hartford, Conn., John Cassidento, Asst. U. S. Atty., New Haven, Conn., for the United States.

ZAMPANO, District Judge.

MEMORANDUM OF DECISION

Petitioner, presently incarcerated in the United States Penitentiary at Lewisburg, Pennsylvania, moves this Court to set aside his conviction and vacate his sentence under 28 U.S.C. § 2255. On July 6, 1967, after a partial trial, he pleaded guilty to the third count of an indictment charging him with a conspiracy to make a quantity of silencers without paying the required tax (26 U.S.C. § 5821), in violation of 18 U.S.C. § 371. Relying on Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), the petitioner claims he was convicted of violating an unconstitutional statute and, therefore, is being illegally detained.

The petitioner is in error in stating that the Supreme Court held section 5821 unconstitutional. In *Haynes* the court ruled that the constitutional privilege against self-incrimination was a full defense to a defendant being prosecuted either for a failure to register a firearm (26 U.S.C. § 5841) or for the possession of an unregistered firearm (26 U.S.C. § 5851).

■ Section 5821, however, requires a prospective maker of a firearm to file a declaration of intent with the Secretary of the Treasury and to pay a prescribed tax. There is no self-incrimination inhering in a person's compliance with these provisions of the statute. The declaration of intent and the payment of the tax establishes the legality, rather than the illegality, of the possession of a firearm. Mares v. United States, 319 F.2d 71, 73 (10 Cir. 1963); United States v. Casson, 288 F.Supp. 86, 89 (D.Del.1968); United States v. Taylor, 286 F.Supp. 683, 684 (E.D.Wis. 1968).

■ Moreover, *Haynes* was decided on January 29, 1968, and its holding does not have retroactive application to the instant case. Wainwright v. United

States, 289 F.Supp. 820 (E.D.Tenn. July 10, 1968); Stoney v. United States, 302 F.Supp. 145 (E.D.Mo. June 28, 1968).

Accordingly, the petitioner's motion is denied.