**Bradley HORTON**

v.

**UNITED STATES of America.**

**Civ. A. No. 12856.**

United States District Court
D. Connecticut.

Feb. 7, 1969.

Samuel Tapper, Hartford, Conn., for petitioner.

John F. Mulcahey, Asst. U. S. Atty., Hartford, Conn., for respondent.

### RULING ON PETITION FOR A WRIT OF HABEAS CORPUS

CLARIE, District Judge.

The petitioner, Bradley Horton, has applied for a writ of habeas corpus challenging a previous conviction in this Court for the possession of an unregistered firearm, in violation of 26 U.S.C. § 5851.[1] For that offense, he was sentenced to one (1) year in prison and the execution of his sentence was suspended; he was placed on probation for three (3) years. He has since been convicted in this Court on January 6, 1969 for the sale of narcotics, 26 U.S.C. § 4704(a) and was sentenced to prison for two (2)

---

1. "It shall be unlawful for any person * * * to possess any firearm which has not been registered as required by section 5841."

years, where he is presently confined. His petition for relief on the firearms conviction will be treated pursuant to 28 U.S.C. § 2255.

On July 6, 1966, the petitioner was indicted for the illegal possession of a sawed-off shotgun, which had not been lawfully registered with the Secretary of the Treasury, pursuant to 26 U.S.C. § 5841.[2] On September 23, 1966, he filed a timely motion to dismiss the indictment, on the grounds that § 5851 violated his constitutional privilege against self-incrimination. A hearing was held on December 14, 1966, and the Court denied his motion. It was again renewed at the trial with negative results. He was convicted after a jury trial and sentenced on February 20, 1967; no appeal was filed and the judgment became final. The Court finds the petitioner's motion to be without legal merit; it is therefore denied and dismissed.

Approximately one (1) year after his conviction had become final, the United States Supreme Court on January 29, 1968, held that the registration requirements of the National Firearms Act, 26 U.S.C. § 5851, infringed a defendant's privilege against self-incrimination. Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). Also see, Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 716, 19 L.Ed.2d 906 (1968).

The petitioner's application presents the issue of whether the Haynes case is retroactive as to him, since he had raised the issue of the statute's constitutionality on the same grounds as those struck down by the Court in the Haynes case. He claims that since the privilege against self-incrimination was timely asserted, there could be no conscious waiver of his Fifth Amendment privilege.

Had petitioner filed a timely appeal of his conviction on the grounds then as-serted and his case was pending for judicial review when Haynes was decided, it would have legal merit. Linkletter v. Walker, 381 U.S. 618, 622 & n. 4, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1964). However, the time for his appeal had lapsed and his judgment of conviction had become final long before the Haynes case was decided; therefore, a wholly different set of criteria are applicable.

A recent Second Circuit decision, United States v. Manfredonia, 391 F.2d 229 (2d Cir. 1968) cited by the petitioner in support of his claim, concerned whether a defendant who had not attacked the self-incrimination aspects of the gambling statute at his trial, later successfully challenged in Grosso, had waived his constitutional objections on his appeal. Also see, Drennon v. United States, 393 F.2d 342 (8th Cir. 1968). While the factual situation differs, the case does relate to the issue under consideration. The court found in that case that there was no waiver; that defendant's counsel was faced at trial with apparently settled rules of law on the issue and it would have been a "futile gesture" to challenge these rules prior to the Supreme Court's decision reversing the then existing principle of law applicable to this issue.

Were this Court to adopt petitioner's position, those defendants who made this "futile gesture" would now go free and those defendants who did not would remain in prison. The administration of rules which apply to the guilty and the innocent must rest on more firm foundations. Rules governing retroactivity must apply irrespective of whether challenges were made at the trial court level.

The Supreme Court has enunciated rules for determining whether new constitutional standards should be given ret-

2. "Every person possessing a firearm shall register, with the Secretary or his delegate, the number or other mark identifying such firearm, together with his name, address, place where such firearm is usually kept, and place of business or employment, and, if such person is other than a natural person, the name and home address of an executive officer thereof."

roactive effect.[3] These rules formulate the criteria to be considered:

> "(1) the purpose to be served by the new standards, (2) the extent of the reliance by law enforcement authorities on the old standards, and (3) the effect on the administration of justice of a retroactive application of the new standards." Stovall v. Denno, 388 U.S. 293 at 297, 87 S.Ct. 1967 at 1970, 18 L.Ed.2d 1199 (1967).

■ The threshold question to be resolved is whether the Supreme Court's rules on retroactivity are applicable here. The defendant in *Haynes* successfully attacked the statute under which he was convicted, while the Supreme Court decisions determining retroactivity have been concerned for the most part with the procedural aspects of the trial. However, the statute, 26 U.S.C. § 5851, was not held unconstitutional in *Haynes*. The criminal nature of the possession of the enumerated weapons remained; it was still a crime, even after *Haynes,* to possess an unregistered weapon. The Court only held that the privilege against self-incrimination was a procedural bar, a full defense to the prosecution.[4]

*Haynes* must be distinguished from those cases where the statute was held wholly unconstitutional and those convicted under it were permitted to collaterally attack their convictions. See Warring v. Colpoys, 74 U.S.App.D.C. 303, 122 F.2d 642, 647, 136 A.L.R. 1025

(1941). It also distinguishes Deckard v. United States, 381 F.2d 77 (8th Cir. 1967), decided before *Haynes*, which held the section requiring registration of firearms, § 5841, unconstitutional, and permitted collateral attack without discussing the issue of retroactivity. The petitioner was not prosecuted under a void statute; rather it is claimed that the procedures used in his conviction violated his right to due process in accordance with constitutional standards and safeguards. Thus, the rules on retroactivity permit a finding that the new constitutional standard will be applied prospectively only.

The issue of the retroactivity of the *Haynes* decision has been previously decided by three district courts, including Connecticut, and the comparable issue of the retroactivity of *Marchetti* and *Grosso* by one court. Stoney v. United States, (E.D.Mo.1968), 302 F.Supp. 145; Desimone v. United States, (1968), 303 F. Supp. 406; Wainwright v. United States, 289 F.Supp. 820 (E.D.Tenn. July 17, 1968); Graham v. Blackwell, 291 F. Supp. 761 (1968) (on the retroactivity of the gambling cases). In each instance the courts have held these Supreme Court decisions were not retroactive.

The first criterion to be considered is the purpose of the constitutional rule in *Haynes* and whether those purposes are best served by prospective application. The constitutional infirmity is particularly analogous to that in Tehan v. Unit-

---

3. See, e. g., Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), holding Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), not retroactive; Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), holding Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), prospective; Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), prospectively applying Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), holding United States v. Wade, 388 U.S. 218, 87

S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967) not retroactive.

4. "We agree that the existence of such situations makes it inappropriate, in the absence of evidence that the exercise of protected rights would otherwise be hampered, to declare these sections impermissible on their face. Instead, it appears, from the evidence now before us, that the rights of those subject to the Act will be fully protected if a proper claim of privilege is understood to provide a full defense to any prosecution either for failure to register under § 5841 or, under § 5851, for possession of a firearm which has not been registered."

ed States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), which held that Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) was not retroactive. The latter case concerned the rule then prevailing in several states, which permitted a prosecutor to adversely comment upon the defendant's failure to take the witness stand in his own defense. In the registration cases, the defendant by exercising his constitutional privilege against self-incrimination failed to register and thus violated federal law.

The Supreme Court held in *Tehan* that because there was no fundamental danger that the fact-finding process was defective in determining the truth, it was permissible to limit the overruling decision to prospective application. 382 U.S. at 416, 86 S.Ct. 459. The same reasoning is applicable here since the constitutional aspects of the gun registration laws raised even less possibility of leading to the conviction of the innocent than might have occurred in *Griffin*.

The second criterion is the extent of the reliance by law enforcement authorities on the old standards. The courts are loathe to upset years of good faith law enforcement activities, by causing the wholesale release or retrial of guilty criminals. Congress has provided for the comprehensive regulation of dangerous firearms for 35 years. The particular crime for which petitioner was convicted, possession of an unregistered firearm, was enacted in 1958 in an effort to improve federal control in this area. Russell v. United States, 306 F.2d 402, 407–408 n. 11 (9th Cir. 1962). Its application and enforcement had been con-

sistently approved by the Courts of Appeal, see *Haynes,* 390 U.S. at 91 n. 7, 88 S.Ct. 722; Haynes v. United States, 372 F.2d 651, 653 & n. 4 (5th Cir. 1967) (the decision the Supreme Court reversed in Haynes), even by the Circuits which had invalidated the registration requirements of § 5841. See *Haynes,* 390 U.S. at 96 n. 9,[5] 88 S.Ct. 722. This approval of § 5851 by the Courts of Appeal induced in both law enforcement officials and Congress justifiable reliance that an appropriate structure for control existed.[6]

The *Haynes* decision applies only to those persons who have, in addition to violating the registration requirements, also violated state gun laws or other sections of the federal gun law. Although no exact percentages can be determined, it seems clear that in a substantial number of the cases which were prosecuted under § 5851, prosecutions could have been initiated under other sections of the federal act, or the evidence could have been utilized in effecting prosecution under state laws. The repeated judicial affirmations of the validity of § 5851, thus induced prosecutions in reliance thereon rather than the utilization of other statutes.

The final criterion stressed by the Supreme Court is the effect of a retroactive decision on the administration of justice. It is evident that in *Tehan* the Supreme Court found the likely prospect of the wholesale release of guilty criminals, because of the practical impossibilities of retrial. 382 U.S. at 418–419, 86 S.Ct. 459. It is similarly probable in the *Haynes* situation, that those released could not be successfully prosecuted at

5. The only exception was Lovelace v. United States, 357 F.2d 306 (5th Cir. 1966), which voided a conviction under § 5851. However, this case turned on an unusually phrased indictment which required proof that the defendant himself had not registered the gun. The court held § 5851 was constitutional, but had been applied in an unconstitutional manner to this defendant. When the *Haynes* case was later decided by the Fifth Circuit, *Lovelace* was distinguished and the conviction affirmed.

6. The interest and reliance of Congress in exercising federal controls in this area which has become one of national importance cannot be ignored. The Court notes that to maintain federal controls new comprehensive gun control legislation was enacted by Congress in the Session after the decision in *Haynes*. Gun Control Act of 1968 U.S.Code Cong. & Adm.News, pp. 1397, 4410 (1968).

this late date for their other firearm violations. This factor strongly induced the Supreme Court to limit *Griffin* to prospective application and it is equally compelling here.

The petition is denied.