DECISION AND JUDGMENT
{¶ 1} This appeal comes to us from a decision issued by the Lucas County Court of Common Pleas, dismissing charges of unlawful possession of a dangerous ordnance. Because we conclude that the trial court properly dismissed the indictment, we affirm. *Page 2 
 {¶ 2} Appellee, Timothy Terrell, was charged with unlawful possession of a dangerous ordnance, in violation of R.C. 2923.17(A) and (D), with a firearm specification, R.C. 2941.141. The charges stemmed from allegations that appellee possessed a semi-automatic LAR-15 assault rifle with a removable clip that held more than 31 rounds of ammunition. Appellee moved to dismiss, stating that, pursuant to 26 U.S.C. 5841, the weapon was registered with the U.S. Department of Justice, Bureau of Tobacco, Firearms and Explosives, and was, therefore, exempted under R.C. 2923.17.
 {¶ 3} Ultimately, the trial court determined that R.C. 2923.17 did not apply to appellant's weapon because it was, in fact, registered in the National Firearms Registry, pursuant to 26 U.S.C. 5841. The trial court then dismissed the charge.
 {¶ 4} The state of Ohio now appeals from that decision, arguing the following sole assignment of error:
 {¶ 5} "The trial court erred by improperly dismissing the indictment."
 {¶ 6} The well-accepted cornerstone of statutory construction and interpretation is legislative intent. State v. Jordan (2000),89 Ohio St.3d 488, 492, citing to State ex rel. Francis v. Sours (1944), 143 Ohio St. 120, 124. To determine legislative intent, a cardinal rule of statutory construction is that a court must first look to the language of the statute itself. Provident Bank v. Wood (1973), 36 Ohio St.2d 101,105. "If the meaning of the statute is unambiguous and definite, it must be applied as written and no further *Page 3 
interpretation is necessary." State ex rel. Savarese v. Buckeye LocalSchool Dist. Bd. of Edn. (1996), 74 Ohio St.3d 543, 545.
 {¶ 7} It is also well-settled that to determine the intent of the General Assembly, a court must give effect to the actual words used in a statute, and must not delete or insert words that were not used.Bernardini v. Conneaut Area City School Dist. Bd. of Edn. (1979),58 Ohio St.2d 1, 4, citing to Columbus-Suburban Coach Lines v. Pub. Util.Comm. (1969), 20 Ohio St.2d 125, 127. Moreover, statutes defining criminal offenses and penalties are to be strictly construed against the state and liberally in favor of the accused. R.C. 2901.04(A). R.C. 2923.17 provides, in pertinent part:
 {¶ 8} "(A) No person shall knowingly acquire, have, carry, or use any dangerous ordnance.
 {¶ 9} "* * *
 {¶ 10} "(C) Division (A) of this section does not apply to:
 {¶ 11} "* * *
 {¶ 12} "(5) Owners of dangerous ordnance registered in the national firearms registration and transfer record pursuant to the act of October 22, 1968, 82 Stat. 1229, 26 U.S.C. 5841, and any amendments or additions thereto or reenactments thereof, and regulations issued thereunder."
 {¶ 13} Under 26 U.S.C. 5841, the National Firearms Registration and Transfer Record was created for the registration "of all firearms in the United States which are not *Page 4 
in the possession or under the control of the United States." The registry includes "(1) identification of the firearm; (2) date of registration; and (3) identification and address of person entitled to possession of the firearm * * *." The declaration of intent and the payment of the tax establishes the legality, rather than the illegality, of the possession of a firearm. Mares v. United States, 319 F.2d 71, 73
(10 Cir. 1963); United States v. Casson, 288 F.Supp. 86, 89
(D.Del. 1968); United States v. Taylor, 286 F.Supp. 683, 684
(E.D.Wis. 1968).
 {¶ 14} R.C. 2923.17 clearly indicates that certain persons are not covered by the prohibition on dangerous ordnance. No additional conditions or exceptions were written into this statute regarding these exceptions, including any alleged modifications to the weapon. The statute unambiguously states that the prohibition in section (A) does not apply to "owners of dangerous ordnance registered in the national firearms registration and transfer record pursuant to the act of October 22, 1968, 82 Stat. 1229, 26 U.S.C. 5841* * *." Contrary to appellant's argument, this case is not about federal preemption. Rather, it is about the Ohio legislature's clear intent to exclude someone from prosecution for possession of a weapon which has been registered by its owner with the National Firearms Registry.
 {¶ 15} In this case, it is undisputed that appellee's weapon was registered with the National Firearms Registry, pursuant to26 U.S.C. 5841. As the trial court determined, *Page 5 
R.C. 2923.17 itself specifies that it does not apply to appellee's ordnance. Therefore, the trial court properly dismissed the indictment.
 {¶ 16} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 17} The judgment of the Lucas County Court of Common Pleas is affirmed.
 {¶ 18} Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Arlene Singer, J., William J. Skow, P.J., concur. *Page 1