**UNITED STATES of America,**
**Appellee,**

v.

**John E. MANFREDONIA and Patsy P.**
**Colarusso, Appellants.**

**No. 313, Docket 31871.**

United States Court of Appeals
Second Circuit.

Argued March 11, 1967.

Decided March 14, 1968.

**230**

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, John H. Doyle, III, Robert Morvillo, Pierre N. Leval, Asst. U. S. Atty., on the brief, for appellee.

Joseph Aronstein, New York City, for appellant, Manfredonia.

Henry K. Chapman, New York City, for appellant, Colarusso.

Before KAUFMAN and HAYS, Circuit Judges, and RYAN, District Judge.

PER CURIAM:

John E. Manfredonia and Patsy P. Colarusso appeal from judgments entered after a trial before Judge Tenney and a jury in the Southern District of New York convicting them of violating the federal wagering tax laws, 26 U.S.C. §§ 4401, 4411, 4412, 7203, and 7272. On appeal they raise several questions but the basic one is addressed to the constitutionality of the statutes in light of the recent decisions of the Supreme Court in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 and Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (Jan. 29, 1968). We hold those decisions require reversal of these judgments of conviction.

In Marchetti and Grosso the Supreme Court held that the statutory requirements of registration and payment of a wagering tax involved a significant hazard of self-incrimination. Further, the Court determined that a failure to assert the privilege against self-incrimination at the time the tax became due did not deprive one charged under the statutes of constitutional protection against conviction and punishment. Since in Marchetti the privilege had been asserted at trial, the government argues here that the appellants' failure to assert the privilege against self-incrimination as a defense at trial amounted to a waiver of protection. But, this claim was also made in Grosso with respect to certain counts in the indictment, and the Supreme Court pointedly declined the option of vacating and remanding for a determination whether there had been a waiver of the privilege. Instead the Court followed the course of disposing of the whole case by reversal—as justice required. See 28 U.S.C. § 2106; Yates v. United States, 354 U.S. 298, 327–331, 77 S.Ct. 1064, 1 L.Ed.2d 1356 (1957). So here, it would be pointless to remand for a hearing whether there was a conscious waiver of the right to assert the privilege. At the time of the trial of these appellants the wagering statutes were valid and the decisions in Lewis v. United States, 348 U.S. 419, 75 S.Ct. 415, 99 L. Ed. 475 (1955) and United States v. Kahriger, 345 U.S. 22, 73 S.Ct. 510, 97 L.Ed. 754 (1952) were still applicable. There is no reason to suspect that appellants knowingly waived their Fifth Amendment privilege at trial. These defendants should not be required to anticipate the Supreme Court action overruling Lewis and Kahriger or compelled to make the futile gesture of raising the privilege at trial to preserve their rights in the event of an overruling decision. We believe the effect of the Supreme Court decisions in Marchetti and Grosso is to prevent enforcement of the wagering statutes as they are now designed because of the "substantiality of the risks of incrimination." 390 U.S. 39, 88 S.Ct. 706.

Reversed and remanded for the entry of judgments of acquittal.