**UNITED STATES of America, Appellee,**

v.

**Manuel OLIVEROS, Appellant.**

**No. 464, Docket 32183.**

United States Court of Appeals
Second Circuit.

Petition for Rehearing Filed
May 8, 1968.

Decided July 22, 1968.

Phylis Skloot Bamberger, Anthony F. Marra, New York City, for appellant.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

**PER CURIAM:**

Appellant was convicted on all three counts of a three-count indictment in which he was charged with violations of the federal narcotic laws. He was sentenced to five years imprisonment on each of counts 1 and 2 and to three years imprisonment on count 3, the sentences to run concurrently. On May 1, 1968 we affirmed the convictions in open court after argument of the appeal that day. It was not necessary for us to reach adjudication upon counts two and three, for we were satisfied that the constitutionally admissible evidence established beyond a reasonable doubt that appellant was guilty of having violated 26 U.S.C. § 4705(a), the violation charged in count one of the indictment. Lawn v. United States, 355 U.S. 339, 359, 78 S.Ct. 311, 2 L.Ed.2d 321.

The only claim advanced at that time by appellant challenging his conviction on count one was a claim that, despite the fact that he was tried by a judge sitting without a jury, the evidence allegedly illegally admitted on counts 2 and 3 may have had a spill-over effect so as to preclude affirmance under the test of Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), a position we found wholly lacking in merit.

Appellant has now moved for a rehearing, again challenging not only his convictions on counts two and three, but also, on a new ground, his conviction on count one. He points to decisions of the United States Supreme Court in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 716, 19 L.Ed.2d 906 (1968); and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968), and seeks to analogize his situation to the situations present in those cases.

We recognize the pertinence of petitioner's present claim, but we follow our recent holding in the somewhat similar case of United States v. Minor, 2 Cir., 398 F.2d 511 in which we held that § 4705(a) is not comparable to the pro-

visions before the Supreme Court in *Marchetti, Grosso* and *Haynes* and that the Fifth Amendment privilege against self-incrimination does not afford a defense to a prosecution for selling narcotic drugs without the mandatory written order form required by that section.

We deny the petition for rehearing.