**UNITED STATES of America, Appellee,**

v.

**Elba Luisa MORALES, Appellant.**

**No. 383, Docket 32665.**

United States Court of Appeals Second Circuit.

Submitted Feb. 18, 1969.

Decided Feb. 19, 1969.

Thomas D. Edwards, New York City, for appellant.

Gary P. Naftalis, Charles P. Sifton, Asst. U. S. Attys., Robert M. Morgenthau, U. S. Atty., for appellee.

Before CLARK, Associate Justice, Supreme Court of the United States, retired,* WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM:

Appellant claims that a seller of narcotic drugs who fails to comply with the requirements of 26 U.S.C. § 4705(a) may not be convicted for a violation of that section because a compliance would destroy the seller's Fifth Amendment privilege against self-incrimination. Appellant relies by analogy upon the United States Supreme Court holdings in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 716, 19 L.Ed.2d 906 (1968); and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

We have held in four recent decisions of our court that the Fifth Amendment privilege against self-incrimination does not provide a defense to a prosecution for selling narcotic drugs without the mandatory written order form required by 26 U.S.C. § 4705(a). United States v. Oliveros, 398 F.2d 349 (2 Cir. 1968) (per curiam); United States v. Smith (2 Cir. October 1, 1968) (aff'd in open court); United States v. McLean (2 Cir. Dec. 9, 1968) (aff'd in open court); United States v. Minor, 398 F.2d 511 (2 Cir. 1968). We adhere to those rulings.

Conviction affirmed.

* Sitting on the Court of Appeals by designation.