JOHN MANFREDONIA, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4127–68.   Filed May 6, 1969.

*Joseph Aronstein*, for the petitioner.
*Marwin A. Batt*, for the respondent.

#### OPINION

SCOTT, *Judge:* On April 12, 1968, respondent mailed to petitioner a notice of deficiency for the taxable year ended December 31, 1964, determining a deficiency of $8,342.70 and an addition to tax under section 6653(a), I.R.C. 1954,[1] of $417.13. The statement attached to the notice of deficiency showed an increase in petitioner's income by unreported partnership income of $20,000 from a 50-percent interest in a partnership composed of petitioner and Patsy Colarusso, which partnership "realized income from the operation of card games in the amount of $40,000." The only other adjustment shown was a disallowance of $100 of the $600 standard deduction claimed by petitioner.

On August 29, 1968, petitioner filed a petition with this Court which included an allegation that respondent erred in his determination of

[1] All references are to the Internal Revenue Code of 1954.

deficiency for the taxable year 1964 and that the determination of additional income and of additional taxable income from the alleged partnership for the taxable year 1964 "is arbitrary and capricious" and without basis in law or foundation in fact. The only factual allegation with respect to the taxable year 1964 contained in the petition is that for that year "petitioner was not a member of a partnership with Patsy Colarusso, did not have a 50% interest therein or any other interest, did not operate card games nor receive income from the operation of card games and did not fail to report income therefrom on a return."

On October 25, 1968, respondent filed a motion to dismiss for lack of jurisdiction and to strike as to the taxable year 1964 on the ground that the petition was not timely filed. Petitioner filed objections to the granting of this motion on the ground that an interpretation of section 6213 as requiring petitioner to file a petition with this Court during the pendency of a criminal action against him alleging violation of the gambling tax laws or until 90 days after the termination of that criminal action would render section 6213 unconstitutional.

Section 6213(a) provides that within 90 days after respondent mails a notice of deficiency to a taxpayer, such taxpayer may file a petition with this Court for a redetermination of the deficiency. Petitioner admits that his petition was not filed within 90 days after April 12, 1968, the date of mailing of the notice of deficiency for the taxable year 1964, but contends that he should be allowed 90 days from June 28, 1968, within which to file a petition. On that date an order of "nolle prosequi" was entered as to petitioner by the U.S. District Court for the Southern District of New York "In the matter of U.S.A. vs. John E. Manfredonia & Patsy P. Colarusso, #66–Cr. 920." Petitioner contends that any requirement that he file a petition in this Court prior to the entry of that order is in violation of his privilege against self-incrimination guaranteed by the fifth amendment of the Constitution of the United States. Petitioner further contends that to require him to file his petition between June 28, 1968, when the nolle pros. order was entered, and July 11, 1968, when 90 days from the date of the mailing on April 12, 1968, of the notice of deficiency expired, deprives him of due process of law since he is granted less time than other taxpayers within which to file a petition.

We do not agree with petitioner that the pendency of a criminal action against a taxpayer for alleged violation of statutes imposing a related tax operates generally as a matter of law to extend the time provided in section 6213(a) for filing a petition in this Court. Neither do we agree that a taxpayer who is sent a notice of deficiency during the pendency of such a criminal proceeding has been deprived of due process of law.

However, even if there might exist circumstances under which the time of a taxpayer to file a petition should be considered to be held in abeyance by the pendency of a criminal proceeding against him, such circumstances are not present in the instant case.

The facts here show that on November 10, 1966, petitioner was indicted on six counts, and Patsy P. Colarusso on four counts, of failure to pay tax imposed on wagers by section 4401 and occupational tax on persons engaged in receiving wagers imposed by section 4411, and failure to register with the district of internal revenue while engaged in the business of receiving wagers. Both defendants pleaded not guilty, were tried and convicted on all counts. Judgment was filed in the U.S. District Court on June 22, 1967, and both defendants appealed to the U.S. Court of Appeals for the Second Circuit. On March 14, 1968, that court rendered its decision reversing the U.S. District Court for the Southern District of New York and remanding the case for entry of judgments of acquittal. *United States* v. *Manfredonia*, 391 F. 2d 229 (C.A. 2, 1968). In its opinion the Appeals Court stated that the effect of the decision of the Supreme Court in *Marchetti* v. *United States*, 390 U.S. 39 (Jan. 29, 1968), and *Grosso* v. *United States*, 390 U.S. 62 (Jan. 29, 1968), "is to prevent enforcement of the wagering statutes as they are now designed because of the 'substantiality of the risks of incrimination.'"

The docket entry of the U.S. District Court for the Southern District of New York in the criminal case against petitioner and Patsy P. Colarusso, No. 66–Cr. 920, under date of April 4, 1968, is as follows:

BOTH DEFTS. Filed USCA Order & Opinion that the judgment of said Dist. Court be and it hereby is reversed and that the action be and it hereby is remanded for entry of judgments of acquittal in accordance with the opinion of this Court.—Judgment entered—Clerk 4–8–68

To hold that on April 12, 1968, when respondent mailed to petitioner a notice of deficiency in income tax for the taxable year 1964, the technical pendency of the criminal action against petitioner might cause it to be necessary for him to make statements in a petition filed in this Court which would tend to incriminate him with respect to that prosecution, "would be in extreme if not extravagant application of the Fifth Amendment." *United States* v. *Sullivan*, 274 U.S. 259 (1927).

It is not amiss to note that there was no statement relating to the year 1964 made by petitioner in the petition he did file in this Court on August 29, 1968, which could in any way be considered to incriminate him in connection with an alleged failure to pay taxes imposed under sections 4401 and 4411, or to register with the district director of internal revenue as being engaged in receiving wagers.

An appropriate order will be entered granting respondent's motion to dismiss for lack of jurisdiction and to strike as to the taxable year 1964.