Thomas Charles **BAUGHMAN**,
Petitioner,

v.

**UNITED STATES of America**,
Respondent.

No. 3–67 Cr. 63.

United States District Court
D. Minnesota,
Third Division.

July 2, 1969.

———◆———

Thomas Charles Baughman, pro se.

### ORDER DENYING MOTION
### TO VACATE SENTENCE
### AND JUDGMENT

NEVILLE, District Judge.

 This matter is before the court on a motion by petitioner, pro se, for relief under what he has entitled, "52(b) Title 18, U.S.C., Plain Error." The court considers the petition as made pursuant to 28 U.S.C. § 2255. See Andrews v. United States, 373 U.S. 334, 338–339, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963).

Petitioner is presently in the custody of the Attorney General and confined to the Federal Correctional Institution at Danbury, Connecticut. He is held there pursuant to a judgment of this court committing him under 18 U.S.C. § 4253, the Federal Narcotics Rehabilitation Act, following his plea of guilty to an indictment charging him with a violation of 26 U.S.C. § 4704(a).[1]

The gist of the motion is that 26 U.S.C. § 4704(a) is unconstitutional and in violation of petitioner's right against self-incrimination *under the Fifth Amendment.* Petitioner claims support for his argument in Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968).[2]

 In response to the petition the court requested and has received from the United States Attorney a memorandum of the government's views on the issue as contemplated under 28 U.S.C. § 2255. Further the court has determined that since the petitioner pled guilty and hence had no trial, and since the issue is solely a question of law, no evidentiary hearing would be necessary or helpful.

 At the outset the government contends that the petitioner's objection is not timely since he pled guilty and did not raise the present claim as a bar to his conviction as suggested by *Marchetti*, supra, 390 U.S. at 61, 88 S.Ct. 697. While in view of the court's ruling on the merits of the petition a decision on this point is academic, the court is of the opinion that petitioner at no time knowingly waived his privilege, if any, under the Fifth Amendment and that no overwhelming policy of judicial administration is served by avoiding the merits of petitioner's claim. This is especially true since defendant's plea of guilty was entered on December 7, 1967, prior to the *Marchetti* decision. See United States v. Minor, 398 F.2d 511 (2d Cir. 1968); United States v. Manfredonia, 391 F.2d 229 (2d Cir. 1968). *Cf.* Lauchli v. United States, 402 F.2d 455 (8th Cir. 1968). What is more, his claim of privilege is one that, if valid, arose at the time of the violation of the statute and not merely at trial. United States v. Leary, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (May 19, 1969).

On the merits, the court is of the opinion that petitioner's argument is not well taken. The statute here under attack has been found constitutional and well distinguishable from those involved

---

1. 26 U.S.C. § 4704(a):

 "General requirement.—It shall be unlawful for any person to purchase, sell, dispense, or distribute narcotic drugs except in the original stamped package or from the original stamped package; and the absence of appropriate taxpaid stamps from narcotic drugs shall be prima facie evidence of a violation of this subsection by the person in whose possession the same may be found."

2. Though petitioner does not mention such in his petition, the other two cases of the *Marchetti* trilogy are Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968).

in *Marchetti*, supra, as well as from the cases of Grosso v. United States, 390 U. S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923 (1968). As recognized by Judge Lewis in Fields v. United States, 287 F.Supp. 606, 607 (E.D.Va.1968):

"The cases are readily distinguishable from this one. Marchetti and Grosso concern the occupational and excise taxes imposed on gamblers and the registration requirements for gamblers, 26 U.S.C. §§ 4401, 4411 and 4412. Haynes concerns the registration and taxation under the National Firearms Act of sawed-off shotguns and rifles, machine guns and other such weapons, 26 U.S.C. §§ 5841 and 5851. The activities in Grosso, Marchetti and Haynes are far more susceptible to the Fifth Amendment argument urged here than are the activities indulged in by Fields in this situation. That is for the reason that the area of gambling, sawed-off shotguns, etc. is one 'permeated with criminal statutes' where one who deals therein is 'inherently suspect of criminal activities.' See Grosso, 390 U. S. 62, at 64, 88 S.Ct. 709. There are no licensing procedures for possession of sawed-off shotguns; possession alone of such a weapon is always unlawful. This is not the case at all with narcotic drugs regulated by 26 U.S.C. §§ 4704(a) and 4705(a). There are numerous individuals in society who, unlike Fields have an entirely legitimate interest in narcotic drugs. For example, physicians, pharmacists, dentists, et al. are affected by the regulatory scheme of the Internal Revenue Code. The statutes violated by Fields can in no way be interpreted or construed as merely a trap for criminals to incriminate themselves. Note also that, with the exception of the Chief Justice's dissent, nowhere in Grosso, Marchetti or Haynes are the narcotics statutes of the Internal Revenue Code mentioned. Only by analogy could those cases be construed as

controlling this one, and this Court does not think the analogy is apt."

More important, the court does not believe that Section 4704(a) under which petitioner was convicted subjected him to a reasonable probability of self-incrimination. That section does not require any registration prefatory to or following the selling of narcotics. It simply prohibits dealing in narcotic drugs not in or from an original stamped package. Thus petitioner was convicted of dealing in narcotics which were not lawfully possessed because no tax had been paid on such by one entitled to register and pay the tax. The purpose of the statute is to insure that unlawfully imported drugs do not reach an illegal market. It is not part of an incriminatory scheme. United States v. Gladden, 296 F.Supp. 983, 985 (E.D.La.1969). See also United States v. Clark, 294 F.Supp. 1108, 1112 (W.D. Pa.1968).

Even when read in conjunction with 26 U.S.C. § 4705(a) no incriminatory scheme is apparent. That section, continuing the statutory purpose of preventing all unlawful dealing in narcotics makes it a crime to "sell, barter, exchange, or give away" narcotic drugs except in pursuance of a written order form of the buyer on Treasury Department order forms. As the Second Circuit has recognized:

"* * * Even if we were to assume *arguendo* that the registration and tax provisions infringe upon the *purchaser's* Fifth Amendment rights because order forms are available only to prospective purchasers who have registered under 26 U.S.C. § 4722 and paid the special tax imposed by 26 U.S.C. § 4721, see 26 U.S.C. § 4705(f), it hardly follows that a *seller*, such as Minor, is immune from prosecution for selling to a person who failed to provide the form. We need cite no authority for the principle that the privilege afforded by the Fifth Amendment is personal and that under the circumstances present here a seller cannot benefit from the privilege allegedly

available to the buyer." United States v. *Minor*, 398 F.2d 511, 513 (2d Cir. 1968).

*Cf.* United States v. Reed, 401 F.2d 756, 762 (8th Cir. 1968).

Further, the court is of the view that under 26 U.S.C. § 4705(g) only those lawfully entitled to purchase narcotic drugs are required to register and permitted to obtain the buyer purchase order blanks. 26 C.F.R. Section 151.142. Petitioner, not being so entitled, could not have incriminated himself under these statutes. See United States v. Morales, 406 F.2d 1135 (2d Cir. 1969); United States v. Minor, 398 F.2d 511 (2d Cir. 1968); Walker v. United States, 176 F.2d 796 (9th Cir. 1949); Nunley v. United States, 288 F.Supp. 58 (W.D.Okla.1968).

During the pendency of the petition herein, the Supreme Court reversed the conviction of Timothy Leary, 383 F.2d 851 (1967) rehearing denied en banc 392 F.2d 220 (5th Cir. 1968), for violation of the Marijuana Transfer Tax Act, 26 U.S.C. § 4744(a) (2) on the ground that the registration provisions of that Act created a real and appreciable hazard of self-incrimination. The court does not believe that the *Leary* case is controlling as to the constitutionality of § 4704(a). In rejecting the analogy between the marijuana statute and the Harrison Narcotic Act, here at issue, the Supreme Court recognized, as stated above, that under the latter statute no one except a registrant legally entitled to deal in narcotics could lawfully obtain an order form, citing 26 U.S.C. § 4705(g), while despite administrative regulations and practice to the contrary (26 C.F.R. Sections 152.22–.23), the same was not true under the Marijuana Act. There is nothing in the *Leary* decision that undermines the distinctions recognized in *Minor, Fields*, and *Gladden*, supra.

The most recent expression of the Court of Appeals of the Eighth Circuit is found in United States v. Lugo-Baez, 412 F.2d 435 (8th Cir. June 20, 1969), wherein the court stated:

"Since the briefs were submitted to us, the Supreme Court on May 19, 1969 handed down its opinion in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), wherein the Court discussed its former decisions in relation to the Marijuana Tax Act, 26 U.S.C. § 4741 et seq. The Court held in Leary that, when timely raised, the Fifth Amendment affords a complete defense to the Marijuana Tax Act insofar as it imposes a tax on the transfer of marijuana. However, it appears to us from the language that Mr. Justice Harlan used in Leary, 395 U.S. at 21, 89 S.Ct. at 1540, that the Supreme Court has already distinguished the marijuana statutes at least from § 4724(b) by the following statement:

'However, the transfer provisions *differed* in that the Narcotics Act provided that no one except a registrant could legally obtain an order form, see 26 U.S.C. § 4705(g), while the Firearms Act merely imposed a $200 tax upon each transfer of a firearm covered by the Act.'

Undoubtedly the Leary opinion will bring forth a great number of lower federal court opinions concerning the instant statute, but as we interpret Leary it is nearly an invitation by the Supreme Court to uphold the narcotics statutes, even though they were not before the Court nor specifically involved."

Equally clear is that there is no merit in the fact situation here at hand to petitioner's contention that the case of Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) requires that he not be made to suffer for exercising his constitutional right to remain silent. United States v. Turner, 404 F.2d 782, 784 (3rd Cir. 1968).

For the above reasons and based upon all the files, records and proceedings herein,

It is ordered that the motion of petitioner be and the same is hereby denied.